Mayflower Investment Company v. A. Brill, doing business under the name of Brill Electric Company, Continental Construction Company, London Operating Company, and McDonald Electric Co., Inc.

188 So. 205.

Division B.

Opinion Filed April 18, 1939.

288

*A. M. Reder* and *Thomas H. Anderson,* for Appellant; No appearance for Appellees.

PER CURIAM.—In an opinion rendered by this Court on January 14, 1938, the order of the lower court denying the motion of the appellant to vacate the final order dismissing the cause and to reinstate the cause was affirmed. Subsequently a petition for rehearing was denied, but the Court upon reconsideration of said petition, granted the rehearing by an order made April 28, 1938.

In this case an order dismissing the cause was entered by the lower court on September 5, 1935.

On March 27, 1936, the appellant, Mayflower Investment Company filed its petition praying the Court to vacate its final order of September 5, 1935, dismissing the cause and to reinstate the cause. It was alleged in said petition that the petitioner, appellant here, had been allowed to intervene in the cause, and had filed its bill of intervention therein, showing that said intervenor had a vital interest in the cause and that said order of dismissal had been entered on motion of the complainant without any notice whatever to said intervenor, who was clearly entitled to such notice. It was also alleged in said petition that by said motion to dismiss a fraud had been practiced upon the court and upon the petitioner.

It is true that Section 70 of the 1931 Chancery Act provides that petitions for rehearing shall be filed within 20 days, whereas this petition to vacate the order dismissing the cause was not filed until several months elapsed. However, the petition to vacate alleged that the defendant had had no notice and was without knowledge of the decree of dismissal until shortly before the petition to vacate the same was filed.

It is contended by the appellant that inasmuch as it had been allowed to intervene in the cause below, after due notice to all parties, and had been allowed to file its bill of intervention, setting up its interest in the subject matter of the suit, that it had thereby acquired a vested interest in such subject matter and in said cause, of which it could not be deprived, by an order of dismissal, granted on complainant's motion, without notice to or knowledge of the intervenor appellant, and without any opportunity to be heard thereon; that therefore the said order of the court dismissing the cause was void, as to this appellant.

It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, decree or judgment of any court. See Windsor v. MaVeigh, 93 U. S. 274, 23 L. Ed. 914; Hovey v. Elliott, 167 U. S. 409, 17 S. C. 841, 42 L. Ed. 215; Glazier v. Rosoff (Conn.) 179 A. 407; Hunter v. May, 25 S. W. 580.

We are here dealing with a direct, and not a collateral attack.

Our conclusion is that the court below erred in denying the petition to vacate said order of dismissal, and to reinstate the cause. See Lucy v. Deas, 59 Fla. 552; Rice v. Cummings, 51 Fla. 535, 40 So. 889; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; Sawyer v. Gustason, 96 Fla. 6, 118 So. 57.

We therefore recede from and set aside our former judgment of affirmance, and now enter a judgment of reversal.

· Reversed and remanded for appropriate proceedings.

· WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.