LEE LAMAR COX and WILLIAM R. COX, v. HAL W. ADAMS, as Circuit Judge of the Third Judical Circuit in and for Lafayette County, Florida, and MILDRED N. COX.

9 So. (2nd) 376                                          En Banc
August 4, 1942

Alvan R. Rowe, for petitioners.

T. J. Swanson, for respondents.

PER CURIAM:

The order entered by the chancellor upon a motion dated January 30, 1941, declaring a final decree entered August 3, 1938, void, is upon certiorari granted, quashed upon the authority of State ex rel. Lorenz, et al., v. Lorenz, et al., 6 So. (2nd) 620 and orders entered subsequent thereto are likewise quashed.

It is so ordered.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., dissenting in part and concurring specially:

I concurred in the opinion in the case of State ex rel Lorenz v. Lorenz, cited in the above Per Curiam opinion and order, but I do not think that the cited case is applicable here.

On January 30, 1941, Mildred N. Cox filed her motion to vacate the decree pro confesso and the final decree which had been entered on August 3, 1938, which motion alleged that plaintiff had practiced a fraud upon the court in said divorce proceedings, in that it was not instituted in good faith, that he made a false affidavit for process by publication and gave false testimony on the merits of the cause before the examiner, and that she, the defendant, had no notice of said suit as required by law and did not learn definitely of it until a comparatively short time previously. The order vacating said decree pro confesso and final decree relate that: "After due notice to the said William R. Cox and his counsel John R. Parkhill, both by letter and telegram, of this hearing, the court proceeded to hear ore tenus the testimony of the movant, and upon that and other evidentiary matter filed in evidence, the court is of the opinion that the motion should be granted and the said decree vacated and set aside, and the defendant allowed to file answer to the bill of complaint therein."

Then the court proceeded to make an order, appropriate to his above stated conclusions, and the next day, Mildred N. Cox filed her answer and counterclaim.

It will be observed that no notice was given to Lee Lamar Cox, the second wife of William R. Cox, whom

the latter had married after the rendition of the divorce decree of August 3, 1938.

At the time this motion to vacate was filed on January 30, 1941, and at the time said order vacating the decree pro confesso and final decree was entered and filed on December 19, 1941, the case of State ex rel Lorenz v. Lorenz had not been handed down by this court. Indeed it was not handed down for some two and a half months later, towit: on March 3, 1942. The excellent opinion of Mr. Justice THOMAS in the Lorenz case recognized the fact that prior to the decision of this court in that case this court had recognized that while a bill in the nature of a bill of review was the more appropriate remedy, the procedure by way of motion could be availed of in cases of this kind, as shown by the decisions cited by Mr. Justice THOMAS in his opinion in the Lorenz case.

The motion to vacate the final decree in this case was quite full and complete, and it might just as appropriately have been labelled as a bill in the nature of a bill of review, or as an independent bill for the impeachment of a prior final decree on the ground of fraud in its procurement, except that it did not have the prayer for the issuance of process in the form which would be applicable to such a bill. It was also defective in that it did not make the second wife, Lee Lamar Cox, a party respondent. This second wife manifestly had a vital interest in maintaining the integrity and full force and effect of the decree of divorce, upon the strength of which she had married said William R. Cox.

No objection was filed to the propriety of the attack on the final decree by way of motion.

As a general rule, a Circuit Judge will not be held in error where he acts in accordance with the law and the decisions of this court as they stood at the time his action was taken, and especially is this true with reference to procedural matters. And in so far as William R. Cox is concerned I think that by failing to object he waived the procedural point.

But it seems to me that a fundamental error was committed in the omission of the drafter of the motion to ask for process or notice to Lee Lamar Cox, and likewise in the rendition of the order vacating the divorce decree without giving Lee Lamar Cox due notice and an opportunity to be heard. So far as the record discloses, this was not done. As I see it, the constitutional right of due process of law required that this second wife be given such due notice and an opportunity to be heard before any order was made vacating the divorce decree, which decree she no doubt relied upon when she subsequently married William R. Cox. See Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205. It is true that there is in the file a motion that the court issue a rule to show cause against Lee Lamar Cox, upon the ground that she had testified as a witness in the divorce proceedings and that her testimony was false in certain material particulars, but notice of this motion does not appear to have been served upon her and no order appears to have been made thereon.

In view of our previous decisions I do not think that a retroactive effect should be given in this case to our opinion and decision in the Lorenz case.

But for the reasons above pointed out, I concur in the judgment rendered by the Court in this case.