101 So.2d 607 (1958)
Tom BROOKER, for himself and on behalf of all other taxpayers in the City of Naples, Florida, similarly situated, Appellant,
v.
W. Roy SMITH, individually, and as Mayor of the City of Naples, Florida, a municipal corporation, Appellee.
No. 496.
District Court of Appeal of Florida. Second District.
March 26, 1958.
John W. Wright and Daniel Neal Heller, Miami, for appellant.
Sheppard & Woolslair, Ft. Myers, for appellee.
PER CURIAM.
The appellant filed a suit in equity against W. Roy Smith, individually, and as Mayor of the City of Naples, Florida. The complaint alleged that the defendant, as Mayor of the City of Naples had, contrary to the charter of the City of Naples and of the statutes of the State of Florida, sold various petroleum products to the city. The defendant, W. Roy Smith, on the 10th of February, 1958, filed the following motion:
"Comes now the defendant, W. Roy Smith, individually, and makes known to the Court:
"1. The plaintiff, Tom Brooker, comes into this Court with unclean hands.
"2. The plaintiff, Tom Brooker, is by this suit abusing the process of this Court in such manner as to reflect upon the essential dignity of the Court.
"Wherefore, the defendant moves the court: (a) To sever and initially try the said issues; and (b) To stay all other proceedings herein until the trial of such issues and the ruling of the Court thereon."
On the same date (February 10, 1958) the Circuit Judge entered the following order:
"This cause came on before me on this day to be heard on the Motion of *608 the defendant, W. Roy Smith, individually, raising the issues of unclean hands and abuse of the process of this Court on the part of the plaintiff, Tom Brooker; and, upon consideration thereof, It Is Ordered,
"1. The issues raised in such Motion are hereby severed and, before any other proceedings herein, such issues shall be tried before the Court on the 27th day of February, 1958, beginning at 10:30 o'clock A.M. at Chambers of Circuit Court in Everglades, Collier County, Florida.
"2. All other proceedings in this cause are stayed until said trial and the ruling of the Court in respect thereto.
"3. Counsel for the Movant shall this day serve copies of this Order upon counsel for the plaintiff, Tom Brooker, and the City Attorney of City of Naples, Florida, by mail in the substantial manner prescribed by Rule 1.4(f) of the 1954 Florida Rules of Civil Procedure [30 F.S.A.]."
This interlocutory appeal is taken from the above order. The appellant states the following point:
"Whether it is error and a denial of due process of law for a Court to enter an ex parte order in an adversary proceeding?"
The record discloses that the motion of the defendant and the order entered thereon was made without notice to the plaintiff.
The single issue before the court on this appeal is the correctness of the ruling of the court below in setting the cause down for trial on the single issue of unclean hands without giving notice of the hearing to opposing counsel. We have not considered the sufficiency of the pleadings filed in this case and leave such to the chancellor on the return of this record to him.
We hold that the lower court was in error in hearing the motion without notice to the plaintiff. Due process requires such a notice. See Mayflower Inv. Co. v. Brill, 1939, 137 Fla. 287, 188 So. 205; Town of Lake Hamilton v. Hughes, 1948, 160 Fla. 646, 36 So.2d 260.
Reversed.
KANNER, C.J., and ALLEN and SHANNON, JJ., concur.