226 So.2d 448 (1969)
John W. PRUNTY, Appellant,
v.
STATE of Florida ex rel. Broward WILLIAMS, State Treasurer and Ex Officio Insurance Commissioner; and National Service Fire Insurance Company, a Tennessee Corporation Authorized to Transact an Insurance Business in the State of Florida, Appellees.
No. L-116.
District Court of Appeal of Florida. First District.
September 23, 1969.
*449 Peeples, Smith & Moore, Tallahassee, and Prunty, Olsen & Slotnick, Miami, for appellant.
Thomas A. Waddell, Charles Friend, Tallahassee, and Edward N. Paslick, Maderia Beach, for appellees.
PER CURIAM.
A respondent in certain ancillary receivership proceedings has appealed from an order entered by the Circuit Court for Leon County, suspending an earlier order that had authorized the ancillary receiver to pay a certain sum to the said respondent.
The ultimate question presented for our determination in this appeal is whether the said court correctly entered the order appealed from in view of the fact that that order was entered following an ex parte hearing of which the appellant had received no notice, under the circumstances set forth below.
The timetable of events pertinent to the present consideration is briefly as follows:
On June 12, 1968, the said court entered an order appointing the appellee-relator, as Treasurer and ex officio Insurance Commissioner of the State of Florida, to be Ancillary Receiver, directing him in such capacity to take immediate possession of all of the property of the appellee National Service Fire Insurance Company, and directing all persons within the court's jurisdiction having possession of any books, papers, and property of the said company to deliver, upon demand, all such assets of that company.
A few weeks later the said ancillary receiver filed in the court a petition for a rule to show cause directed to the appellant and two other attorneys, alleging that these three attorneys had in their possession certain personal property of the said company, consisting of files, papers, correspondence, claim files, or other things necessary to the conduct of the receivership proceedings.
To the said petition the appellant's attorney filed his response, admitting that he had in his possession certain personal property of the said company, but that he had refused to deliver the said property to the ancillary receiver after demand therefor for the reason that he had not been paid for legal services rendered on behalf of the said company and had not been paid for out-of-pocket expenses in regard to such representation, the appellant claiming a retaining lien on all files, papers, correspondence, claim files, and other personal property allegedly belonging to the company.
On November 5, 1968, the said court entered an order finding that the said property in the appellant's possession was necessary to the conduct of the receivership proceedings, but finding that the appellant had a lien for fees upon the said property in the amount of $9,000, ordered the appellant to deliver the property to the ancillary receiver, who was ordered to pay the said sum to the appellant.
On November 13, 1968, however, the ancillary receiver filed a motion to set aside the order of November 5, on the ground that the latter order was based upon incorrect information.
The ancillary receiver's said motion was not served upon the appellant, nor was he given notice of any hearing on the motion. No such notice was filed with the court, nor did the motion contain a certificate of service.
On November 13, 1968, an ex parte hearing was held on the ancillary receiver's said motion, and the court entered an order of the same date, suspending the order dated November 5, 1968, directing, among other provisions, the said receiver to make demand upon the appellant for repayment of the sum of $9,000, which had been previously paid to the appellant, pursuant to the November 5, order, until further order of the court. Such direction was tantamount to a direction that the appellant repay the said sum, so it was vital to his *450 interests that he be given a sufficient notice of the hearing.
The appellant argues, and we think rightly so, that the court erred in entering the November 13 order without the appellant being notified of the hearing on the subject motion.
No rule is more firmly founded in the jurisprudence of this state than that it is a denial of due process of law to hold a hearing on a motion without notice to the parties involved in an adversary proceeding and to enter an order on the motion without first giving the parties affected notice and an opportunity to be heard before a party's rights are taken away. See, for example, Brooker v. Smith, 101 So.2d 607 (Fla.App. 1958).
This rule was stated by the Supreme Court of Florida in Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205 (1939), as follows:
"It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, decree or judgment of any court. See Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Glazer v. Rosoff, 120 Conn. 120, 179 A. 407; Hunter v. May, 161 Tenn. 155, 25 S.W.2d 580."
An apparent exception to the foregoing general rule requiring notice of hearings is recognized in Rule 1.610 of the Florida Rules of Civil Procedure, 31 F.S.A., which provides that no temporary injunction "shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a temporary injunction until a hearing or further order of court." This Rule 1.610 is inapplicable here, even if the ancillary receiver's motion to set aside the order of November 5, 1968, were considered a complaint for a temporary injunction, which it is not. In addition, the said motion is not verified, and no supporting affidavits were filed. There are insufficient allegations in the said motion that injury will be done if an immediate remedy is not afforded.
In entering this opinion and judgment, of course, we have not considered or passed upon, one way or the other, the merits of this litigation.
Accordingly, the order appealed from herein must be, and it is reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
JOHNSON, C.J., and WIGGINTON AND CARROLL, DONALD K., JJ., concur.