231 So.2d 844 (1970)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Hilton CARR, Honorable Paul Baker, Judge, Criminal Court of Record, in and for Dade County, Florida, State of Florida, and Max Diamond a/K/a Mike Diamond, Respondents.
No. 69-771.
District Court of Appeal of Florida, Third District.
February 24, 1970.
*845 Thomas C. Britton, County Atty., and Joseph D. Komansky, Asst. County Atty., for petitioner.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., Carr & Warren, Miami, for respondents.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Dade County has petitioned this court for a writ of certiorari. At the conclusion of the performance of extraordinary services by respondent Hilton Carr, Esq., an ex parte order was entered by Judge Baker, also a respondent, which order directed that "* * * the County Commissioners of Dade County [are to] pay to the said Hilton Carr, Jr., as a fee for his services in the above styled cause the sum of $15,000 plus costs expended in the sum of $2,798.10". It is the position of the petitioner that Judge Baker was without jurisdiction to direct the County Commissioners of Dade County to pay the above cited attorney's fees and expenses. We must partially agree, and therefore grant the writ of certiorari as to the court's order regarding attorney's fees and quash that portion of the order relating thereto. However, that portion of the order directing the County Commissioners to pay the costs, i.e., $2,798.10, was proper and therefore we decline to issue the writ and affirm that portion of the order. § 939.15, Fla. Stat. F.S.A. (1967).
Attorney Carr's extraordinary services were requested by the Criminal Court of Record, upon its own motion and pursuant to § 32.17, Fla. Stat. F.S.A. This special appointment was motivated by certain personal factors directly affecting the offices of the State Attorney, which factors are not germane to the points of law pertinent hereto. Mr. Carr's services were utilized in the case of State v. Diamond, Dade County Criminal Court Case No. 69-1580. At the termination of that criminal prosecution, a petition for fees and expenses was filed by Special Acting State Attorney Carr, requesting a reasonable fee for services in the representation of the Criminal Court in certain matters.[1] Attached to the *846 petition was a copy of the letter dated July 7, 1969, from Judge Baker to the Attorney General of Florida, requesting an opinion as to whether the Criminal Court of Record had authority to award a fee to the Acting State Attorney commensurate with his time and services.
The response from the Attorney General to Judge Baker concluded as follows:
"Manifestly, Mr. Carr should receive reasonable compensation from some source for the services required of him as acting State Attorney but I find no statutory authority for your court to enter an order fixing the amount of such compensation and specifying by whom it is to be paid."
At the hearing upon the above petition, Dade County was not made a party thereto. When the order taxing fees and costs against the county reached the offices of the County Attorney, a request was made from the County Attorney to the Attorney General that the order be appealed in the name of the state or, in the alternative, that the Attorney General authorize the Dade County Commissioners to appeal the order in the name of the state.
The Attorney General declined to authorize either of the alternatives requested in the above letter, but suggested that the County Commissioners could institute their own certiorari proceedings in this court. Thus, the instant proceedings were commenced and the initial question posed is whether or not the county, which was not a party either in the criminal prosecution or to the hearing held upon the petition in question, may institute this common law certiorari action. We hereby hold that the county, under these circumstances, has standing to institute a common law certiorari proceeding to review the order which directed said commission to pay the costs and expenses for the Special Acting State Attorney. See Robinson v. State, Fla. 1961, 132 So.2d 3; Janet Realty Corporation v. Hoffman's, Inc., 154 Fla. 144, 17 So.2d 114; State ex rel. Landis v. Crawford, 104 Fla. 440, 140 So. 333; Mapoles v. Wilson, Fla.App. 1960, 122 So.2d 249.
It is necessary for the petitioner to demonstrate that the lower court departed from the essential requirements of law. The petitioner, to fulfill such a prerequisite, contends that the Criminal Court never had jurisdiction over the persons or property of Dade County or its commissioners. The statutory authority to which both parties have cited us is § 32.17, Fla. Stat. F.S.A. The relevant portions of that statute provide as follows:
"* * * The compensation of such appointee shall be the same as that of the regular appointed county solicitor, and shall be paid by the regular county solicitor, and not by the county or state, in those cases in which the temporary appointment is made by reason of the absence, inability or disqualification of the regular county solicitor."
The fact that the office of county solicitor has been merged with the office of the State Attorney in Dade County is not a point of distinction which would cause the above cited statute to be inapplicable. The order taxing expenses and costs, which is at the center of this controversy, basically represents a claim upon the public treasury of Dade County. The common law of this state, and that of our sister jurisdictions, requires statutory authority to support such a claim, and in the absence thereof, such a claim has been denied. E.g., Shavers v. Duval County, Fla. 1954, 73 So.2d 684; State ex rel. Gentry v. Becker, 1943, 351 Mo. 769, 174 S.W.2d 181; Turner v. Board of Commissioners, 1902, 158 Ind. 166, 63 N.E. 210. We do not read § 32.17, supra, as authorizing any such claim.
*847 The respondent's reliance on the case of Kirk v. Baker, Fla. 1969, 224 So.2d 311, is misplaced. That case confirmed the applicability of § 32.17, supra, as to the Criminal Court's inherent power to appoint an acting State Attorney. The case did not modify the section of that statute covering the compensation to be paid to such acting state's attorney as cited above.
In conclusion then, we hereby find that the Criminal Court of Record did depart from the essential requirements of law in that it had no jurisdiction over the Dade County Commissioners, against whom the expenses for reasonable attorney's fees were taxed. State ex rel. Dillman v. Tedder, 123 Fla. 188, 166 So. 590. However, we have determined that the issues raised herein, including that of the party liable for the expense of attorney fees, are questions of great public interest, and as such, will be certified to the Supreme Court of Florida.
The writ of certiorari is therefore granted in part and the order taxing attorney fees is quashed; the writ is also denied in part and the order taxing costs is affirmed.
NOTES
[1] "2. At the request of the Court, Hilton R. Carr, Jr. did act as attorney for the Court in the proceedings for writ of mandamus in the Supreme Court of Florida in the case of Kirk v. Baker, No. 38374, and did file briefs on behalf of the Court and did appear and argue in the Supreme Court of Florida and did devote 40 hours to such case.

"3. At the request of the Court, Hilton R. Carr, Jr. did act as attorney for the Court in proceedings for writ of prohibition brought by Gordon C. Oldham in the Circuit Court of Dade County, Case No. 69-8058, and in the District Court of Appeal, Third District, Case No. 69-424, did argue in the Circuit Court, filed a brief in the District Court and did devote 20 hours to such case.
"4. At the request of the Court, Hilton R. Carr, Jr. and Herbert A. Warren, Jr. did act as attorneys for the Court in proceedings for writ of prohibition in the Supreme Court of Florida in the case of Kirk v. Baker, No. 38,657 [229 So.2d 250], did file briefs on behalf of the Court and did appear and argue in the Supreme Court and did devote 50 hours to such case.
"5. Certain expenses were incurred in connection with the representation of the Court in the matters set forth in paragraphs 2, 3, and 4 above. Those expenses are itemized in Exhibit B attached hereto."