246 So.2d 137 (1971)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Ronald I. STRAUSS, Respondent.
No. 70-1139.
District Court of Appeal of Florida, Third District.
March 16, 1971.
Rehearing Denied April 21, 1971.
*138 Thomas C. Britton, County Atty., and Gary S. Brooks and Joseph D. Komansky, Asst. County Attys., for petitioner.
Ronald I. Strauss, in pro. per.
Becker, Kimler & Entin, Miami, for Florida Criminal Defense Attorneys' Assn., as amicus curiae.
Before PEARSON, C.J., HENDRY, J., and VANN, HAROLD R., Associate Judge.
PER CURIAM.
Dade County has instituted this appeal by petitioning for a common law writ of certiorari to review an ex parte order directed against its treasury under the following facts and circumstances.
The said order was entered by the Honorable Carling Stedman, Judge of the Criminal Court of Record, in and for Dade County. The order directs the Board of County Commissioners to pay the sum of Ten Thousand ($10,000.00) Dollars to Ronald I. Strauss, appointed Special Assistant Public Defender, for payment of attorney's fees in the case of State of Florida v. Charles Celona, Case No. 70-2288, in the Criminal Court of Record.
Mr. Strauss had represented the same defendant, Charles Celona, in two previous criminal cases, State v. Celona, No. 69-3665, and State v. Celona, No. 70-225.
The subject suit, State v. Celona, No. 70-2288, was instituted on March 11, 1970, by the filing of an information against Charles Celona on charges of robbery and conspiracy to commit robbery.
On March 19, 1970, Mr. Celona filed an affidavit of insolvency, and after a hearing, the Criminal Court Judge, Carling Stedman, declared Mr. Celona insolvent and appointed the Public Defender as counsel for him.
At the insolvency proceeding, the Court allowed the Public Defender to withdraw and appointed Mr. Strauss, Special Assistant Public Defender. The transcript of the insolvency proceeding revealed that Mr. Celona was represented by Mr. Strauss at the proceeding. Mr. Strauss was chosen by Mr. Celona and voluntarily undertook to represent him as Special Assistant Public Defender; and that all parties were aware at the time of appointment that the amount of the fee was "limited" and would not amount to "what his (Mr. Strauss') services would be worth."
Soon after, on May 4, 1970, Mr. Strauss moved for an Order clarifying the payment of costs. The Court entered an Order on May 14, 1970, directing that all subpoenas be issued and served and copies of all documents of record supplied to counsel without costs or fees.
During the course of the criminal proceedings, Mr. Strauss made numerous motions for the payment of various costs. The Court, in turn, issued orders awarding at least $3,885 in costs. On October 14, 1970, Mr. Strauss filed a motion with accompanying *139 affidavits and memorandum of law for attorneys' fees. On October 20, 1970, the Court entered the order in question, awarding to Mr. Strauss $10,000.00 in attorneys' fees.
Although the Order in question directs the Board of County Commissioners to pay attorneys' fees, the Board was not a party to the criminal action, never received service or any notice of the motion for attorneys' fees, never received any notice of any hearings on said motion, and never was afforded any opportunity to contest the award. Rather, the order was entered ex parte against a body not party to the suit.
The award of attorneys' fees was made pursuant to Sec. 27.53(2), Florida Statutes, F.S.A., which reads as follows:
"In addition, any member of the bar in good standing may be appointed by the court or may register his or her availability to the public defender of each judicial circuit for acceptance of special assignments without salary to represent insolvent defendants. Such persons shall be listed and referred to as special assistant public defenders and be paid a fee; such fee shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law. In addition, defense counsel may be assigned and paid pursuant to any existing or future local act or general act of local application."
Said section directs that attorneys' fees shall be paid in the same manner as those paid in capital cases, which manner is controlled by Sec. 909.21, Florida Statutes, F.S.A. That section is set out in full below:
"909.21 Appointment of counsel in capital cases; appeals from judgments imposing the death penalty. 
"(1) In all capital cases where the defendant is insolvent, the judge shall appoint such counsel for the defendant as he shall deem necessary, and shall allow such compensation and costs for investigation and preparation of the case for trial as he may deem reasonable, such sum to be paid by the county in which the crime was committed. Counsel, so appointed, shall, in the event of conviction and sentence of death, appeal the case to the supreme court and prosecute said appeal to its final conclusion with diligence; and until the supreme court has disposed of the appeal, no compensation shall be allowed to such counsel. If counsel first appointed is unable for any reason to perfect and prosecute the appeal, the court shall, relieve him from such duty, but shall appoint other counsel for such purpose. When counsel so appointed by the court, in capital cases, completes the duties imposed by this section, such counsel shall file a written report as to the duties performed by him and apply for discharge by the court.
"(2) The compensation of counsel for the defendant, at the trial, shall not exceed seven hundred fifty dollars ($750.00) unless the court appoints two (2) or more counsel in which case the compensation shall not exceed a total of one thousand dollars ($1,000.00); and the compensation of defendant's counsel on appeal shall not exceed five hundred dollars ($500.00) additional. The cost of investigation and preparation of the case for trial shall not exceed two hundred fifty dollars ($250.00).
"(3) In the event of a second trial of the same cause, the attorney appointed to represent the indigent defendant shall be entitled to additional compensation in an amount not to exceed one-half of the attorney's fee awarded for the defense of the first trial.
"As amended Laws 1955, c. 29656, sec. 1; Laws 1967, c. 67-502, sec. 1, eff. Sept. 1, 1967."
Sub-section (2) of the above statute permits the award of attorneys' fees to a single attorney who has not taken an appeal in a criminal case to $750, and limits the *140 cost of the investigation and preparation of the case for trial to $250. Petitioner claims that the award here for attorneys' fees in the amount of $10,000 was without authority, excessive and void. However, petitioner does not challenge, and therefore does not appeal from the award of costs in the amount of $3,885.
In brief summary, the following statutes are involved in the case sub judice:
The 1967 Florida Statute 909.21, F.S.A. regulates the appointment and compensation of counsel for an indigent criminal defendant in capital cases and provides for the cost of investigation and preparation of the case for trial.
The said 1967 statute placed an upper limit of $750 for the compensation of said counsel and also an upper limit of $250 for the cost of investigation and preparation of the case for trial.
However, the new Statute 909.21, under Ch. 70-339, effective January 1, 1971, kept the limit on attorneys' fees but removed the $250 limitation as to costs.
Florida Statute 27.53, F.S.A. also provides for indigent criminal defense, but only in non-capital cases. It is noted that the said statute says nothing concerning the inevitable "costs for investigation and preparation of the case for trial." However, in sub-section (2) of 27.53, it provides for the appointment of a special assistant public defender and be paid a fee; "such fee shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law."
Florida Statute 939.15, F.S.A. provides that costs be paid by county in cases of insolvency in criminal cases.
There are three key issues involved here:
(1) To determine whether Dade County, which was not a party to the lower court proceeding, may institute this appeal by petitioning for a common law writ of certiorari to review an ex parte order directed against its treasury.
(2) Whether the said order was without and in excess of its jurisdiction and a departure from the essential requirements of law.
(3) The determination of the legislative intent concerning the award by the trial court of attorneys' fees to a court-appointed counsel in indigent criminal defense in other than capital offenses.
The initial issue for this Court's determination is whether Dade County, which was not a party to the lower court proceeding, may institute this appeal by petitioning for a common law writ of certiorari.
We hold that petitioner is entitled to certiorari on the strength of Dade County v. Carr, Fla.App. 1970, 231 So.2d 844, in which the conditions there were almost identical to those presented here.
Respondent STRAUSS argues that because Art. 5, Sec. 9B of the 1968 Revision of the Florida Constitution, F.S.A. abolished the Office of the County Solicitor, and the functions and duties of such office were made a part of the functions and duties of the Office of the State Attorney of the Eleventh Judicial Circuit, that that fact makes the State Attorney a representative of Dade County, and further argues that since an Assistant State Attorney was present at the fee hearing and acquiesced in the entry of the order for attorneys' fee, that Dade County is bound thereby.
We hold that the State Attorney represents only the state, and not Dade County. In criminal prosecutions, the State Attorney speaks and acts on behalf of the state. Deeb v. State, (1937), 131 Fla. 362, 179 So. 894, 898.
Respondent Strauss and amicus curiae argue that the case sub judice was an extraordinary case on the ground that a great deal of time and effort was put in by counsel. We disagree.
A charge of robbery and conspiracy to commit robbery does not appear to be an extraordinary matter. Even if it did involve extraordinary services as in Dade *141 County v. Carr, supra, the result is the same.
The only Florida case interpreting said statute 27.53 is Gant v. State, (Fla.App. 1968), 216 So.2d 44, where, on page 47, the court said:
"* * * Attorneys rendering services pursuant to appointment by the court as assistant public defenders under subsection (2) of the above-quoted statute should not expect, nor are they entitled as a matter of right to receive compensation in amounts commensurate with that which would normally be paid for similar services emanating from a voluntary-attorney client relationship."
The basic fallacy in the further argument of respondents and of amicus curia has its beginning in improperly and incorrectly quoting Sub-section (1) of F.S.A. 909.21 as follows:
"the trial court shall `allow such compensation as costs for preparation and investigation of the case for trial as he may deem reasonable. * * *'" (Emphasis Added) Brief of respondent Strauss, p. 15.
The correct wording of said statute is as follows:
"`such compensation and costs for investigation and preparation of the case for trial as he may deem reasonable * * *.'" (Emphasis Added)
In American jurisprudence, there is a well-settled distinction between "costs" (expenses) and "attorneys' fees" (compensation for services rendered).
The right to recover attorneys' fees as part of the costs in an action did not exist at common law, and therefore it must be provided for by statute or contract. Codomo v. Emanuel, (Fla. 1956), 91 So.2d 653, 655.
"Costs and fees" are altogether different in their nature generally. The one is an allowance to a party of expenses incurred in the successful transaction or defense of a suit. The other is compensation to an officer for services rendered in the progress of the cause. See Crawford v. Bradford, 23 Fla. 404, 2 So. 782, 783 (Fla. 1887).
With respect to costs awarded by the court below, petitioner does not question or challenge same, so that the question of the $250 limitation in 909.21 (2) is not only not before us, but also the matter is moot in view of the new statute 909.21(1) under Ch. 70-339, effective January 1, 1971, wherein the same limitation of $750 for attorney's fees has been kept, but the $250 limitation as to costs has been removed.
We conclude that it would be absurd to attribute an intention to the legislature to allow the Criminal Court of Record complete discretion in setting fees in non-capital cases, while limiting the Circuit Courts in this same regard in capital cases.
We conclude, further, that the said order was without and in excess of the trial court's jurisdiction and a departure from the essential requirements of law.
Certiorari is granted; the order dated October 20, 1970 is quashed and the cause is remanded for further proceedings not inconsistent with this opinion.