PER CURIAM.
The petitioner, who was not a party before the criminal court of record, seeks review of an ex parte order entered by the Honorable Paul Baker, a judge of said court, adjudicating the County liable for funeral expenses as a result of the death of one Michael Robertson in the Dade County Jail. Said order reads as follows:
* * * * * *
*584 “THIS CAUSE, having come on to be heard upon the request of the family of Mich<?al Robertson, for costs to be assessed against Dade County, Florida for burial expenses regarding the death of Micheál Robertson and it appearing to the Court that said death occurred in the Dade County Jail as a result of the over crowded conditions, it is hereby
“ORDERED and ADJUDGED that Dade County, Fla., pay to the family of Micheál Robertson the sum of $1275.00.”
* * * * * *
The County has filed this petition for certiorari, contending it was not within the jurisdiction of any cause pending before the criminal court and, further, that the criminal court was without jurisdiction to determine liability of the County arising out of its operation of the Dade County Jail.
We find certiorari to be the appropriate remedy for the County to seek review of this order. See: Dade County v. Carr, Fla.App.1970, 231 So.2d 844; Dade County v. Baker, Fla.App.1970, 237 So.2d 545; Dade County v. Strauss, Fla.App.1971, 246 So.2d 137. It is apparent from the record that the County was never a “party” to any proceeding before Judge Baker and, therefore, even if he had the power to adjudicate a claim against the County he could not do so without due process, i. e., notice of the claim and opportunity to be heard. Ryan’s Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205; Western Union Tel. Co. v. Suit, 153 Fla. 490, 15 So.2d 33; 6 Fla. Jur., Constitutional Law, § 322.
Further, we can find no authority to support the proposition that a criminal court may adjudicate a claim against the County arising out of the operation of the Dade County Jail. If an inmate or his personal representative has a claim against the County in connection with its operation of the Dade County Jail, the appropriate remedy would be an independent action against the County.
Therefore, the order here under review directing the County to pay certain funeral expenses, dated July 14, 1971, be and the same is hereby quashed.