PER CURIAM.
By petition for certiorari, the County [who was not a party before the trial court] seeks review of an ex parte order entered by the respondent, the Honorable Paul Baker, adjudicating the County liable for medical expenses incurred by the respondent, Hornberger, while on probation as the result of a criminal proceedings in *303 the Criminal Court of Record in and for Dade County, Florida.
Subsequent to criminal proceedings being instituted by the State against the respondent, Hornberger, he was placed on probation after having been determined to be an indigent. His probation was subject to the supervision of the Florida Parole and Probation Commission, which is a State agency. Thereafter, during the term of probation the respondent, Hornberger, was the recipient of certain medical services by Doctors Hospital, a medical facility in Dade County which, at the request of the respondent, Baker, forwarded its bills for services to him. Thereafter, without notice to the County, the respondent, Baker, entered the order here under review.
We find that the County’s petition for certiorari is the appropriate remedy to seek review of this order. Dade County v. Carr, Fla.App.1970, 231 So.2d 844; Dade County v. Baker, Fla.App.1970, 237 So.2d 545; Dade County v. Strauss, Fla.App.1971, 246 So.2d 137. We find no authority in the record for a trial judge in a criminal proceedings to adjudicate civil responsibility for medical expenses incurred by a probationer, even though he may be indigent. Dade County v. Baker, Fla.App. 1972, 257 So.2d 583. In addition to no jurisdiction over the subject matter, it is apparent that the court had no jurisdiction over the petitioner herein at the time it entered the ex parte order. Ryan’s Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205; Western Union Tel. Co. v. Suit, 153 Fla. 490, 15 So.2d 33; 6 Fla.Jur., Constitutional Law, § 322. Further, even if adequate due process had been observed and even if there might be some liability to a probationer for medical expenses [which, without statutory authority, we seriously doubt], then the agency that would be liable would be the State of Florida[1] through the Florida Parole and Probation Commission and not the petitioner, Dade County. The respondent, Horn-berger, was not under the supervision of an agency of Dade County during his probation, but was under the supervision of a State agency.
Wherefore, for the reasons above stated, the order here under review dated July 23, 1971, adjudicating liability against the petitioner (County) in favor of Doctors Hospital, be and the same is hereby quashed.

. The probationer was under the control of the State by virtue of the conditions of probation. Echols v. State, Fla.App.1967, 201 So.2d 89; Carr v. Dade County, Fla. 1971, 250 So.2d 865.