CHARLES CARROLL, Judge
(dissenting).
I respectfully dissent. By its petition for certiorari Dade County sought relief from the burden imposed upon it by the cumulative (felony) sentences for imprisonment of a defendant in the Dade County jail for a period of more than one year, on the ground that the order of the trial court for imprisonment of the defendant in the county jail for a period of two years through cumulative sentences was prohibited by § 922.051 Fla.Stat., F.S.A.
If, however, as the majority held, Dade County was without standing to bring cer-tiorari to review the legality of the sentences in that regard, it would appear that it was not proper for this court then to entertain the certiorari and proceed thereon to review the legality of the sentences, either to grant the relief sought by the petitioner, or to deny relief on the merits by holding (as was done here) that an order for imprisonment of a defendant in the county jail for a period of two years, by cumulative one year sentences entered on offenses charged in separate informations, was not in violation of the statute.
I cannot agree with the holding of the majority as to petitioner’s standing. In my opinion the county was entitled to seek such relief in this court by certiorari, on authority of Dade County v. Carr, Fla.App.1970, 231 So.2d 844; Dade County v. Baker, Fla.App.1970, 237 So.2d 545; Dade County v. Strauss, Fla.App.1971, 246 So.2d 137; Dade County v. Baker, Fla.App.1972, 257 So.2d 583.
By providing that the cumulative sentences, covering a period of two years, should be served in the county jail,[1] the trial court in effect ordered and required Dade County to act as the custodian of the defendant and to expend the official effort *513 and money necessary to maintain the prisoner in the county jail for a two year period. Being thus affected directly, materially and monetarily by the order which the sentences represented in that respect, the county was entitled to seek relief therefrom.
Here the county appropriately first moved unsuccessfully in the trial court for vacation or amendment of the cumulative sentences, which called for confinement in the county jail for more than one year, as being in violation of the statute. Having thus entered the cause and suggested to the trial court the invalidity of the cumulative sentences as to the place of imprisonment, and having had its application denied by order of court, the county clearly was entitled to a remedy for review thereof, and certiorari as the basis for such review appears appropriate.
The holding of the majority that the county was without standing to maintain this proceeding for review by certiorari because the state attorney had not objected to the sentences implies that the county was entitled to seek review thereof by cer-tiorari, as outlined above, but that its right to review was waived or lost by the failure of the state attorney to object at the time the sentences were imposed. I cannot agree that the right of the county to seek review was lost by that circumstance. The state attorney was representing the state in the prosecutions. He was not the attorney for the county, to represent it on its official business matters. The county employs attorneys to represent it for such purposes. Moreover, if an order of the trial judge directing that the cumulative sentences of the defendant covering a period of two years should be served in the county jail could not make incontestable by the county the question of the validity of that feature of the sentences under § 922.051, why should the submissiveness of the state attorney thereto operate to deprive the county of its right to challenge the legality of the imprisonment provisions of the sentences ?[2]
Additionally, I am unable to agree with the holding of the majority on the merits of the question presented by the petition for certiorari. The statutory section involved (§ 922.051 Fla.Stat., F.S.A.) is entitled: “Imprisonment in county jail, term of one year or less.” That heading of the section imports legislative policy and intent to limit imprisonment of a person in the county jail to a period of one year. The language of the section makes it clear for an offense or offenses for which by statute imprisonment in the state prison is directed, a person should not be imprisoned in the county jail for a period of more than one year by a single sentence or by cumulative sentences of the kind therein defined.
Inspection of § 922.051 shows it is concerned with sentences for felonies, since the offenses it deals with are those for which imprisonment in the state prison is directed by statute. Section' 922.051 permits the court, upon conviction of a person for such an offense, to provide for imprisonment of the person in the county jail when the sentence is for a period of not more than one year, but that statute does not permit such a sentence to provide for imprisonment to be in the county jail if by reason of another such sentence, which is being served or to which it is made cumulative, the prisoner’s cumulative sentences would result in his imprisonment thereunder in the county j ail for more than a period of one year. In the latter instance the statutory direction for imprisonment for such an offense to be in the state prison, together with the provisons of § 922.051, will require that the second (cumulative) sentence be served in a state prison.
*514 I can observe no reasonable basis upon which to conclude that the policies and reasons underlying the statutory prohibition against providing for imprisonment of a defendant in the county jail for a period of more than one year, but cumulative sentences upon conviction of (felony) offenses, should be held to apply only where the cumulative sentences are imposed upon two or more convictions had under one indictment or information, and not to apply when the prohibited result is brought about by cumulative sentences resulting from convictions for offenses which were prosecuted under separate indictments or infor-mations.
For example, policies supporting the legislative intent logically may be assumed to have included an awareness by the legislature that county jails are intended basically for short or interim periods of detention, and are lacking in facilities such as libraries, classroom instruction, occupational training, athletic or recreational facilities, and rehabilitative procedures in general as may be provided in state prisons, for benefit of those serving longer terms there. In the light of such considerations it would appear that the statutory prohibition against imposing cumulative (felony) sentences which would imprison a person in the county jail for a period of more than one year necessarily should be applicable to cumulative one year sentences for offenses that were charged and prosecuted under separate indictments or informations as well as to sentences for such offenses that result from a prosecution under a single charging instrument.
For the reasons stated, I would grant certiorari, and would remand the cause to the criminal court of record of Dade County with direction to amend the second (cumulative) sentence to direct that the imprisonment provided for therein be served in the state penitentiary.

. The sentences were based on pleas of guilty entered by the defendant to two felony charges which were prosecuted on separate informations. After sentencing the defendant in one of those cases to imprisonment in the county jail for the period of one year, the court entered a similar sentence in the other case, with provision that service of the latter begin at expiration of the former sentence.

. This is not nn isolated case of the entry of cumulative sentences for more than a year having been directed by the trial court to be served in the county jail. This court recently dismissed, for not having been timely filed, three other petitions for certiorari whereby Dade County sought review of such sentences.