267 So.2d 337 (1972)
STATE of Florida DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, Appellant,
v.
Paul PLUNSKE, State Paving Corporation, et al., Appellees.
No. 71-950.
District Court of Appeal of Florida, Fourth District.
May 12, 1972.
*338 Barbara McPherson, Joseph C. Young and Geoffrey B. Dobson, Gen. Counsel, Tallahassee, for appellant.
No appearance for appellees.
PER CURIAM.
This appealed order ostensibly entered on stipulation is void and reversed for the following reasons:
1. The notice of hearing was insufficient. It was oral and its bizarre method of transmittal to appellant's counsel in Tallahassee and the fact that it was not received by counsel a reasonable length of time before the time specified for hearing (counsel had less than two hours notice and was about 400 miles away in an inconvient location when reached indirectly) renders same legally insufficient and the action taken consequent to it invalid.
F.R.C.P. 1.090(d), 30 F.S.A. plainly requires that "a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing." (Emphasis supplied.) That concept of fairness and due process was well discussed in Prunty v. State, Fla.App. 1969, 226 So.2d 448,
"No rule is more firmly founded in the jurisprudence of this state than that it is a denial of due process of law to hold a hearing on a motion without notice to the parties involved in an adversary proceeding and to enter an order on the motion without first giving the parties affected notice and an opportunity to be heard before a party's rights are taken away. See, for example, Brooker v. Smith, 101 So.2d 607 (Fla.App. 1958).
"This rule was stated by the Supreme Court of Florida in Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205 (1939), as follows:
`It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, *339 decree or judgment of any court. See Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Glazer v. Rosoff, 120 Conn. 120, 179 A. 407; Hunter v. May, 161 Tenn. 155, 25 S.W.2d 580.'"
Federal Rule of Civil Procedure 6(d) likewise requires reasonable notice of hearings. It prescribes five days, but this time limit isn't hard and fast, provided the party had actual notice and time to prepare. See Herron v. Herron, 5th Cir.1958, 255 F.2d 589, and Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc., 5th Cir.1971, 446 F.2d 353.
2. The person attending the so-called hearings was without authority to enter into a settlement or stipulation and did not, in fact, do so. 15 Am.Jur.2d, Compromise and Settlement, § 9. Court and counsel had specific written notice from the Department of Transportation's counsel, before entry of appealed order, that Mr. Cox, a non-lawyer, was not authorized to enter into stipulations or accept notice[1] and that the Department of Transportation did not agree to such stipulation.
3. There is no evidence that appellant authorized or ratified the purported settlement. Walters v. Boscia, Fla.App. 1965, 179 So.2d 133; Palm Beach Royal Hotel, Inc. v. Breese, Fla.App. 1963, 154 So.2d 698; Bursten v. Green, Fla.App. 1965, 172 So.2d 472.
Finally, it is the policy of the law to encourage and favor the compromise and settlement of controversies when such settlement is entered into fairly and in good faith by competent parties. 6 Fla. Jur., Compromise and Settlement, § 4. However, settlements forced or not agreed serve to deprive a litigant of due process and his proper day in court, and hence cannot be sanctioned.
The order is reversed and the cause remanded for further proceedings.
Reversed and remanded.
*340 WALDEN and OWEN, JJ., concur.
MAGER, J., dissents.
MAGER, Judge (dissenting):
The determination of whether there was sufficient notice of hearing or whether such notice was reasonable is dependent upon the circumstances of the particular case. Likewise the question of the authority to enter into a settlement is also a determination dependent upon the circumstances surrounding the transaction. A review of the record furnished by the Department of Transportation (DOT) does not fully support its position; nor has DOT sustained the burden of demonstrating error to the extent of an unrestricted reversal of the orders under review.
The affidavit of the assistant attorney for DOT reflects a meeting between all concerned parties on Tuesday, July 6, 1971, for the purpose of discussing various proposals regarding the construction of some type of protective barrier between the landowners' property and the proposed major access 5-lane highway. In this affidavit the following representation appears:
"... [T]hat the Department proposed to construct a chain-link fence and landscaping and guardrail to protect the plaintiffs' property; that the Department also indicated that it would be agreeable to construct a concrete block decorative wall or lattice wall in place of the chain-link fence, but the Department would not agree to the construction of a poured, re-enforced, concrete wall because this would be prohibitively expensive; ..."
The affidavit further indicated that the Department would be prepared to attend a hearing "at the end of the week" with no agreement being made as to the method of notice of hearing. The affidavit, however, does reflect that counsel for the landowners indicated he would contact the district engineer of DOT regarding the time and place of such hearing.
The record in this case reflects that the district engineer's office was called late in the afternoon on Wednesday, July 7, at which time the assistant district engineer was advised of a hearing to be held before the trial judge on Thursday, July 8, 1971, at 11 A.M. The affidavit of the assistant district engineer reflects that he was directed to attend this hearing in the place of the district engineer "to advise the court of the various alternates which could be considered by the courts should the court direct the Department to erect fencing other than the normal Department of Transportation requirement". Before attending the 11 o'clock hearing of July 8, which gave rise to the entry of the stipulation order under appeal, the assistant district engineer called DOT's legal office in Tallahassee advising the same assistant attorney who had attended the previous meeting on July 6 of the scheduled hearing to be held later that morning. The assistant district engineer was advised by the assistant attorney that "if any legal points were brought up in the morning, continuance should be requested to allow sufficient time for an attorney of the Department to be present when the meeting was continued".
The record is silent as to any request having been made by the assistant district engineer for any continuance.
While the record suggests that DOT did not (through its assistant district engineer) "agree" to the construction of a 6-foot high concrete wall ultimately ordered by the court there are affirmative indications that some type of protective barrier (of the chain-link variety) was acceptable to DOT. In this connection, it was conceded by DOT at oral argument that had the landowners accepted and had the court ordered the construction of a chain-link type barrier, DOT would not have objected to the sufficiency of the notice or the authority of its representative to act.
All of these factors lead me to the conclusion that the notice of hearing was reasonable and that authorization existed for the assistant district engineer to act on behalf *341 of DOT insofar as the construction of a "chain-link fence and landscaping and guardrail to protect the plaintiffs' property" or, in the alternative, "to construct a concrete block decorative wall or lattice wall."
If we expect our citizens to maintain a confidence in those in whom the machinery of government has been entrusted then government (as any private citizen) must live up to its commitments.
With respect to whether DOT's representative was authorized to commit the Department to a barrier other than the aforementioned, it is my view that this case should be remanded to the trial court for a determination of this issue. In addition, the Department should be permitted to present evidence bearing upon the construction of a barrier other than the chain-link fence with respect to the safety or cost factors involved.
In summary, I would concur in a reversal only to the extent as herein above outlined.
NOTES
[1] (State of Florida Department of Transportation letterhead, dated July 13, 1971) "Dear Mr. Rubin: This is in response to your letter of July 8, 1971, addressed to Mr. Ode E. Cox, an employee of this Department. To your letter you attached a proposed Stipulation and Order. Mr. Cox is not an attorney for the Department but is instead an employee, an engineer of the Department. I am sure that your correspondence and other communications to Mr. Cox without my knowledge, as attorney of record, has been an oversight on your part, and I will treat it thusly.

"I found it extremely disturbing that you called up a hearing before the court without noticing any counsel of record, the sole notice being a telephone call to the Department's district engineer with the message being left with his secretary, the district engineer being out of town. Mr. Cox is not and has never been authorized to enter into any stipulations or other contracts on behalf of the Department with any person whomsoever. Under the Florida Highway Code the power to contract and to incur fiscal obligations is vested in the Secretary of Transportation. When matters pertaining to law suits against the Department are presently in litigation, I will honor any stipulation or agreement entered into by an attorney in my office. I do not and will not honor agreements made by non-lawyers who are not authorized to do so. "As to the particular stipulation and order which you submitted to Mr. Cox, I find that it is erroneous in that it recites that the court has heard arguments of counsel for all parties. Inasmuch as no attorney representing the Department of Transportation was noticed for any hearing in which Mr. Cox appeared, no counsel for the Department or for the other defendants, State Paving Corporation and the State of Florida, were present.
"I will carefully review the proposed stipulation with our engineering staff and advise you as to whether the Department is agreeable to the terms thereof.
"I trust that the above is explanatory of the Department's position. I trust that in the future all correspondence by you will be directed to me as counsel of record. Sincerely yours, GEOFFREY B. DOBSON General Counsel GBD: jr cc: The Honorable Arthur J. Franza; Bryan W. Henry, Esq.; Ralph J. Ray, Jr., Esq."