ORDER TRANSFERRING CAUSE
PER CURIAM.
Mackenzie, appointed counsel, sought compensation in excess of the maximum of $750 provided by Fla.Stat. § 925.035 (1971), F.S.A. for defending Warren Carey Riley, claiming that the statutory maximum is unconstitutional. This pro-needing, which involves Hillsborough County and Mackenzie as the sole parties in interest, is taken as an appeal from a costs order, and we are asked to' rule on the threshold question whether it is reviewable by appeal or by certiorari, as was done in Lunetto v. State, Fla.App.2d 1973, 274 So.2d 251; Dade County v. Strauss, Fla.App.3d 1971, 246 So.2d 137; and Dade County v. Carr, Fla.App.3d 1970, 231 So.2d 844.
Our view is that the constitutional question involved is one committed by the Constitution, in Article V, Section 3, F.S.A., to the Supreme Court, and we accordingly transfer the cause there. The trial judge clearly was asked to1 rule and did rule on the question of the constitutionality of the $750 limitation in Fla.Stat. § 925.035 (1971).
The cause is transferred to the Supreme Court pursuant to F.A.R. 2.1. subd. a. (5) (b), 32 F.S.A.
MANN, C. J., and McNULTY, J., concur.
LILES, J., dissents, with opinion.