PER CURIAM.
Appellant appeals an order denying her Motion to Set Aside Order of Discharge.
The decedent, Sam Sterling, died on August 24, 1963 and his will was admitted to probate on September 6, 1963. On June 1, 1967 The First National Bank of Miami, appellee and co-executor of the will, petitioned the court to establish its qualification as trustee of a trust under the will of the deceased. The petition listed Margaret Sterling Della Cioppa as being the sole beneficiary of the residuary trust and appellant Darlyne Walker, the daughter of the deceased, as having an interest in the trust corpus by virtue of a settlement agreement entered into among Mrs. Walker, the co-executors of the estate (The First National Bank of Miami and Lee Worley), The First National Bank of Miami, as trustee, and Margaret Della Ciop-pa, as the sole beneficiary under the residuary trust. The settlement agreement, which was approved by the probate court, provided in part that appellant was entitled to $110,000 or twenty.(20%) percent of the residuary estate distributable to the trust, whichever is less. Mr. Worley, Mrs. Della Cioppa and appellant individually filed their responses to the petition. Appellant’s attorneys were notified of the hearing on the Petition to Establish the Qualification of Trustee and after the hearing thereon, the court entered its order finding the ap-pellee qualified to act as trustee and assumed jurisdiction of the trust as modified by the settlement agreement for the purposes of exercising its supervisory power to enforce the administration of the trust in accordance with the provision of the will and the settlement agreement amenda-tory thereto.
Appellee in September 1972 filed its Final Accounting, a copy of which was furnished Mrs. Della Cioppa, and thereafter on October 27, 1972 filed a Petition for Order Authorizing Final Distribution which was granted. On December 7, 1972 the judge entered an Order of Final Discharge. Thereafter, having obtained a copy of the final accounting in January 1973 from appellee’s attorney, appellant filed her Objections to Final Accounting and to Discharge of Trustee and Motion to Compel Trustee to Pay on February 2, 1973 and also her Motion to Set Aside Order of Discharge, which after hearing argument thereon, the court denied with prejudice.
On appeal, appellant contends the trial court erred in refusing to set aside the Order of Final Discharge entered without notice to her or without an opportunity to be heard.
It is fundamental that fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is entered. Ryan’s Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 at 487 (1935). [Emphasis Supplied] See also Prunty v. State ex rel. Williams, Fla.App. 1969, 226 So.2d 448.
Turning to the case at bar, we find appellant to be an interested party and was considered to be so also by appellee-trustee, which in its petition for qualification as trustee stated that appellant had an interest in the trust corpus by virtue of the modification agreement. Thus, it was error for the trial court to have entered its order on appellee’s Petition for Final Distribution and Discharge without giving appellant, an affected party, notice and an opportunity to be heard before her rights possibly may have been taken away.
Therefore, we remand the cause to the court below with directions to set a hearing on appellant’s Objections to Final Accounting and Discharge of Trustee and Motion to Compel Trustee to Pay so that appellant may exercise her right to chal *593 lenge the accounting and distribution. Thereafter, if the court shall determine that appellant’s claim (that she is entitled under the settlement agreement to more than the $80,000 which she received) has merit, and therefore the accounting and discharge were entered improperly, then it shall set aside its Order of Discharge.
It is so ordered.