SMITH, Judge.
The Neelys appeal from an adverse summary final judgment by the circuit court holding that they have no title to Volusia County lands conveyed to them by deed of the former administratrix of the estate of Curtis Bruten, deceased. The basis for the circuit court’s judgment, urged by the present administrator of Bruten’s estate, is that the county judge having charge of the estate, after ordering the property sold to the Neelys pursuant to the former adminis-tratrix’s petition, vacated that order at the instance of an heir who claimed to have had no notice of the proposed sale. For value received, the former administratrix gave a deed to the Neelys before the order authorizing it was vacated. The Neelys were not parties to the estate proceedings and they received neither notice nor opportunity for hearing before revocation of the order authorizing sale. Still later, the former ad-ministratrix applied for confirmation of her sale to the Neelys. Again the Neelys were not made parties. The county judge denied confirmation of the sale and, on appeal by the former administratrix, we affirmed. In re Estate of Bruten, 272 So.2d 822 (Fla.App. 1st, 1973).
Finally, the Neelys appeared in the estate proceedings — now lodged in the circuit court pursuant to revised Article V of the Florida Constitution — and petitioned for reconsideration of the orders which adversely affected their deed and title. That petition was presented not to the circuit judge who as county judge had entered the orders in question, for he had become disqualified, but to Circuit Judge Blount, newly assigned to both the estate, § 38.07, F.S., and to the Neelys’ newly-filed independent action for declaratory judgment establishing their deed. Without explicitly considering the effect on the Neelys of the county judge’s critical order vacating the order on which the Neelys’ deed was based, Judge Blount *1128 (1) denied the prayer of the Neelys’ petition for reconsideration, on authority of our decision in In re Estate of Bruten, supra, and (2) entered summary judgment against the Neelys in the action for declaratory judgment because the court considered all issues were determined by confirmation of the county judge’s orders. The Neelys then appealed.
Appellants Neely acquired the property pursuant to an order for sale which, by statute then effective, was “prima facie evidence of the validity of the proceedings and of the authority of the personal representative to make a conveyance . . . .” Sec. 733.28(1), F.S.1971. While the county judge evidently determined that his order for sale was one requiring notice to the heirs, § 733.26, F.S.1971, the Neelys were never made parties to any proceeding before the county judge questioning the efficacy of the order for sale and their resulting intervening deed. Assuming that the county judge had subject matter jurisdiction to determine the latent dispute between the Neelys and the Bruten heirs— which is doubtful in the light of In re Lawrence’s Estate, 45 So.2d 344 (Fla.1950), and similar decisions — the Neelys’ substantial interests could not thus be dissolved in their absence. Prunty v. State ex rel. Williams, 226 So.2d 448 (Fla.App. 1st, 1969); Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205 (1939).
Appellants Neely filed their complaint for declaratory relief in order to put at issue the questions affecting the validity of their deed. Their entitlement to an adjudication of those matters on the merits is not prejudiced by determinations made by the probate court in proceedings to which they were not a party. The Neelys’ late and fruitless appearance in the estate before a successor judge, to ask reconsideration of prior orders of the county judge, did not conclude their action for declaratory relief. Reconsideration was there denied for no reason but that this court, on an appeal to which the Neelys were not privy, sustained the position of Bruten’s present administrator. It was error to conclude the merits of the controversy against the Nee-lys by summary judgment in which the movants did not demonstrate, by means other than adjudications in proceedings not binding on the Neelys, that there was no genuine issue as to any material fact affecting the matter in controversy.
REVERSED AND REMANDED.
MILLS, J., concurs.
BOYER, C. J., specially concurs.