PER CURIAM.
Finding that the chief administrative judge exceeded his administrative authority in ruling that the parties could not *9 represent themselves, we quash the order requiring petitioners to appear only through counsel. See Carr v. Grace, 321 So.2d 618 (Fla. 3d DCA 1975), cert. denied, 348 So.2d 945 (Fla.1977) (trial judge erred in ordering appellant to be represented by counsel or be subject to dismissal of her cause); § 454.18, Fla.Stat. (1983). This matter was not cognizable by an administrative judge whose duties are limited to certain internal court proceedings, such as the assigning and transferring of cases. Furthermore, even if the matter had been properly assigned to the administrative judge for full disposition, the lack of notice identifying the nature of the proceeding and the absence of an opportunity to be heard on the question of self-representation require us to quash the order. Quay Development, Inc. v. Elegante Building Corp., 392 So.2d 901 (Fla.1981); Mayflower Investment Co. v. Brill, 137 Fla. 287, 188 So. 205 (1939); Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981); Prunty v. State, 226 So.2d 448 (Fla. 1st DCA 1969).
In any event, the present record does not support denial of the right to self-representation. This case is unlike the situation in Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA), appeal dismissed, 163 So.2d 544 (Fla. 3d DCA 1964), in which the court prohibited self-representation to prevent abuse of court proceedings and interference with the orderly process of judicial administration. Here, there is absolutely no basis in the record to support a ruling by any judge denying the statutory right of self-representation.
We find no impropriety in the order to assign.
Certiorari granted as to the order requiring appearance through counsel and denied as to the order to assign.