RAMIREZ, J.
(dissenting).
I respectfully dissent. The parties were cohabitating at the time they filed the Petition for Dissolution of Marriage. Their disputes were referred to the General Master for resolution of custody, visitation and possession of the marital home. The General Master conducted a hearing and submitted an interim report, intending to conduct further hearings. Instead of filing an exception to the report, the wife filed an emergency motion for exclusive use and possession of the marital home.
The trial court conducted a hearing and not only awarded the wife possession of the marital home, but completely changed the parties’ visitation schedule, a modification that had not been requested in the wife’s emergency motion. We are thus *417 approving a procedure that totally circumvents rule 1.490(h), Florida Rules of Civil Procedure, and violates the husband’s right to due process. See, e.g., Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982) (reversing an order which modified an earlier order by increasing summer visitation from three to four weeks because the motion requested only that the court establish specific dates for the summer visitation period, thus giving appellant no opportunity to prepare and present evidence relevant to that issue); Arena Parking, Inc. v. Lon Worth Crow Ins. Agency, 768 So.2d 1107, 1111 (Fla. 3d DCA 2000), quoting Mayflower Inv. Co. v. Brill, 137 Fla. 287, 289, 188 So. 205, 205 (1939) (“It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, decree or judgment of any court.”)
The majority excuses what happened at the trial level as “temporary intrusions.” I have found no case that allows “temporary intrusions” into a person’s rights without notice.