253 So.2d 864 (1971)
Ronald I. STRAUSS, Specially Appointed Public Defender for Charles Celona, and Charles Celona, Petitioners,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Respondent.
No. 41139.
Supreme Court of Florida.
October 11, 1971.
Rehearing Denied November 22, 1971.
Ronald I. Strauss, Miami, for petitioner.
Stuart Simon, County Atty., Miami, for respondent.
PER CURIAM.
This cause having heretofore been submitted to the Court on Petition for Writ of Certiorari, jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Florida Appellate Rule 4.5c(6), 32 F.S.A., and it appearing to the Court that it is without jurisdiction, it is ordered that the Petition for Writ of Certiorari be and the same is hereby denied.
ROBERTS, C.J., and CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN and McCAIN, JJ., dissent.
ERVIN, Justice (dissenting).
Petitioner Ronald I. Strauss seeks a conflict certiorari review of the decision of the District Court of Appeal, Third District, in Dade County v. Strauss, Fla.App. 1971, 246 So.2d 137.
Under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Florida *865 decisions of necessity following it, trial judges are required to see that legal counsel to represent indigent defendants charged with felony violations are provided. To implement this constitutional requirement, F.S. Section 27.53(2), F.S.A., provides for the appointment of special assistant public defenders by trial judges. This section contains this language:
"* * * such persons shall be listed and referred to as special assistant public defenders and be paid a fee; such fee shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law. In addition, defense counsel may be assigned and paid pursuant to any existing or future local act or general act of local application." (Emphasis added.)
Charles Celona was charged with felony robbery and conspiracy to commit robbery in the Criminal Court of Record of Dade County. A judge of that court appointed Petitioner Ronald I. Strauss to represent Celona an indigent. This he did, which involved rendition of legal service in two appellate matters, as well as a subsequent trial resulting in a not guilty verdict. The trial judge decided Strauss was entitled to $10,000 for his services in behalf of Celona and ordered Dade County to pay it.
The County resisted payment by taking an appeal seeking a common law certiorari writ from the District Court to review the trial court's order, which resulted in the decision above cited.
The District Court reversed and in effect reduced the fee of $10,000 to $750 because F.S. Section 909.21, F.S.A., only allows a fee not to exceed $750 to counsel appointed to represent defendants charged with capital offenses.
It appears to me the decision of the District Court conflicts directly with the recent decision of this Court in Carr v. Dade County, Fla., 250 So.2d 865.
In the Carr case the Criminal Court of Record judge for Dade County awarded a fee of $15,000 for legal services rendered by an attorney appointed by the judge as substitute special prosecutor for the state attorney who was disqualified to prosecute certain cases in the Criminal Court of Record.
There, we agreed with the District Court the judge had no authority to automatically require Dade County to pay the fee which the judge had set without the County having the right to question in a court of competent jurisdiction the fee's validity and reasonableness. Instead, we said a "reasonable fee must be paid by the County under Fla. Stat. § 142.09 * * *." We further said:
"Section 142.09 is applicable here under its first provision that: `if the defendant is not convicted * * * the fees of witnesses and officers [and the prosecuting attorney is obviously an officer in the prosecution of the two causes] arising from criminal causes shall be paid by the county in the manner specified in §§ 142.10-142.12.' It is the county's prerogative to determine what a reasonable fee should be, and among its considerations may be the fee recommended by the trial judge as well as all other appropriate factors, including the consideration that `the laborer is worthy of his hire.'
"Since §§ 142.10-142.12 have not been invoked in this litigation, the cause is remanded for appropriate proceedings thereunder. Should the County reject any part of the fee submitted by petitioner, then of course the provisions of § 142.13 could be activated by suit against the County." (Carr v. Dade County, supra, at 866.)
A reasonable fee is authorized by law and we so held in Carr; and not one that is arbitrarily limited to $750.
The court-appointed special assistant public defender here was entitled to similar and equal consideration as was the substitute prosecutor in the Carr case. Each of *866 the two counsel was an officer of the court; one was a public prosecutor, and the other a public defender. The same compensation rule allowing a reasonable fee applies to each of them as a matter of equality of treatment. No double standard of compensation is warranted by the law.
As was Section 32.17 in the Carr case, Section 27.53(2) must be read in connection with Sections 142.10-142.13. Section 27.53(2) provides special assistant public defenders' fees "shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law." Section 909.21 provides that court-appointed counsel in capital cases shall be allowed such compensation as the trial judge may deem reasonable, the same to be paid by the county in which the crime was committed. This is the manner (but not the maximum amount) prescribed whereby a special assistant public defender is compensated, except as otherwise provided by law. There is no limitation of the amount to be paid a special assistant public defender in Section 27.53(2) as there is in Section 909.21(2). Furthermore, Section 27.53(2) adds that defense counsel may be "paid pursuant to any existing or future local act or general act of local application" which further substantiates the view a public defender's compensation is not intended to be limited by Section 909.21(2) in maximum amount.
The Carr case has outlined the means provided by law under which officers of the court, including special public prosecutors and special public defenders, are to be paid by the counties, and the statutory regulations to be observed and the particular court tests to be had when the counties question the validity or reasonableness of such fees prima facie prescribed by the trial judge. The Carr decision does not purport to limit the fee to $750.
In conclusion on this point, it appears to me that the District Court has neither logic nor a statutory basis for applying the fee limitation of F.S. Section 909.21(2), F.S.A., which relates solely to fees fixed for court-appointed counsel in capital cases, to Strauss' fee, which was fixed by the trial judge under F.S. Section 27.53(2), F.S.A. The District Court applied it out of "thin air," as if it were the Legislature, by simply transferring the fee limitation of Section 909.21(2) into Section 27.53(2).
I make no attempt to pass upon the validity of the restriction in Section 909.21 of $750 as a maximum to be allowed counsel in capital cases. Many would contend a $750 fee limitation is an obvious contradiction of an allowance of a "reasonable fee"  in most capital cases and an impairment of an indigent's constitutional right to be afforded competent representation in a case where his life is at stake. However, the point I make here is that the fee limitation neither by statute nor logical interpretation is applicable to felony cases less than capital.
I would grant the petition, issue the writ and quash the decision of the District Court, and remand the case for disposition in the light of the rationale of the Carr case.
McCAIN, J., concurs.