382 So.2d 357 (1980)
COUNTY OF SEMINOLE, a Political Subdivision of the State of Florida, Petitioner,
v.
The Honorable Tom WADDELL, Jr., Circuit Judge in and for the Eighteenth Judicial Circuit of Florida, Mark P. Rabinowitz and W.J. Heffernan, Jr., Respondents.
No. 79-424.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Rehearing Denied April 18, 1980.
*358 Nikki Clayton, County Atty., Sanford, for petitioner.
Andrew A. Graham, of Reinman, Harrell, Silberhorn, Moule & Boyd, P.A., Altamonte Springs, for respondents.
COBB, Judge.
On October 2, 1978, the trial court appointed the Respondents Rabinowitz and Heffernan to represent one Terry Melvin Sims on a charge of first degree murder. At the conclusion of their representation, the trial court awarded them a joint fee of $17,500.00, which Seminole County now challenges via certiorari review. The petitioner has standing to do so. MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973); Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA 1971).
The petitioner contends that Section 925.036(4), Florida Statutes, limits the maximum fee to respondents to $2,500.00. That statute provides: "The compensation for representation shall not exceed the following per case per defendant: ... (4) For capital cases represented at the trial level: $2,500." This enactment became effective on October 1, 1978.
The respondents argue that the statute is directory and not mandatory; that the limitation does not apply to "extraordinary cases;" that the statute is an unconstitutional infringement on a court prerogative and the separate power of the judiciary, citing Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978); that the statute constitutes a deprivation of due process and is arbitrary and unreasonable; and that the statute violates Article X, Section 6 of the Florida Constitution.
In view of the action of the Florida Supreme Court in upholding the constitutionality of a $750.00 fee limit for capital cases in 1973[1], we view the respondents' constitutional attack on Section 925.036 as merely colorable, rather than substantial, and therefore retain jurisdiction. See State v. Opitz, 357 So.2d 469 (Fla. 2d DCA 1978); Simmons v. State, 354 So.2d 1211 (Fla. 1978). Moreover, the trial judge in this case did not directly pass on the validity of the statute or construe the state or federal constitution in regard to this issue. See Art. V, § 3(b)(1), Florida Constitution.
The respondents argue, not without considerable persuasiveness, that the Rose case cannot be reconciled harmoniously with MacKenzie. Be that as it may, MacKenzie dealt directly and explicitly with the issue which confronts us in the instant case, and it has not been overruled by the Florida Supreme Court. It is the province of that court, not ours, to recede from their 1973 opinion.
*359 We are not persuaded by the argument of respondents that Section 925.036 is directory only. Whatever its faults, the statute is clear and unequivocal. It is a mandatory limitation of $2,500.00 for representation per capital case per defendant, and it provides no exceptions for "extraordinary" cases or multiple representation.
Accordingly, the petition for writ of certiorari is granted and the order being reviewed is quashed and the cause is remanded with directions to award respondents a joint fee that does not exceed $2,500.00 exclusive of costs.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973).