402 So.2d 411 (1981)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
David Wayne BRIDGES, Respondent.
No. 57989.
Supreme Court of Florida.
July 30, 1981.
*412 Robert A. Ginsburg, Dade County Atty., and Ralph C. Rocheteau, Asst. County Atty., Miami, for petitioner.
Alan S. Ross of Weiner, Robbins, Tunkey & Ross, Miami, for respondent.
ALDERMAN, Justice.
We have for review by direct appeal an order of the Circuit Court of the Eleventh Judicial Circuit upholding the constitutionality of section 925.036, Florida Statutes (Supp. 1978), and construing it in such a manner as to permit the court to award in excess of the statutory amounts when extraordinary and unusual circumstances exist. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972). We hold that section 925.036 is constitutional, that its language is mandatory and not directory, that, therefore, the trial court may not award in excess of the statutory limits, and that under this statute the maximum attorney's fee allowable in this case was $4,000, $2,000 for each life felony. Accordingly, we vacate the trial court's order awarding an attorney's fee in excess of the statutory limits.
After trial, Alan Ross, who was appointed by the trial court to represent a defendant charged with two life felonies, filed a motion and affidavit requesting payment of attorney's fees in the amount of $4,840. In his motion, Ross alleged that the gravity of the charges and the complexity of the case warranted a fee in excess of the $2,000 which he alleged was the maximum provided for by section 925.036(3). The trial court agreed with Ross, held the language of this statute to be directory only, and added the words "subject to extraordinary and unusual circumstances" to section 925.036.[1] The Court explained that trial courts are in the best position to determine whether or not there are any circumstances which would entitle an attorney to fees additional to those allowed by section 925.036. With this construction, the trial court upheld the validity of section 925.036.
Initially, we note that both Ross and Dade County were under the misapprehension that the fee limits of section 925.036 could not be stacked and that the maximum allowable fee under this statute is $2,000. This is not the case, however. Construing section 925.036 in such a manner as to be in harmony with section 925.035, Florida Statutes *413 (1977),[2] we recently held in Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981), that the fee limits of section 925.036 could be stacked,[3] and we explained:
The potential for conflict between the two sections is evident. One sets limits on the fees which may be awarded, while the other requires reasonable compensation. In establishing limits on the fees which can be paid court-appointed attorneys per case per defendant, the legislature clearly intended to limit the burden which such representation places on public treasuries and to provide guidelines for courts to follow. Conceivably, in the absence of any kind of limitation on fees, a small county with limited resources could be placed in serious financial difficulties. Section 925.036, Florida Statutes, was intended to decrease the likelihood of such an occurrence.
Section 925.035, Florida Statutes, on the other hand, seeks to insure that counsel is made available to those charged with a capital offense who otherwise could not afford to hire an attorney and that the attorney appointed is reasonably compensated for his services. The conflict between sections 925.035 and 925.036 arises when "reasonable compensation" exceeds the limits imposed by section 925.036.
... .
It would be much more reasonable and just to allow the attorney to stack the maximums for each offense for which his client was tried. Under that interpretation, the attorney would be more realistically and fairly compensated for the time spent on the case, and less likely forced to accept what might often turn out to be unfair compensation for his representation. At the same time, such an interpretation would still provide counties protection from exorbitant, limitless legal fees. Guidelines and maximums would not be abolished; they would simply be more realistic and equitable.
Given the differing interpretations of chapter 925, the proper one is that which allows stacking. It is the only construction which preserves and promotes the legislative goal of protecting county treasuries and providing guidelines for courts without impairing the section of the statute requiring reasonable compensation for court-appointed attorneys. It leads to more reasonable, sensible results.
395 So.2d at 542-43. With this construction of section 925.036, we found it unnecessary to rule on the constitutionality of the statute because the requested fees fell within the fee limits of the statute.
Employing the construction we adopted in Wakulla County v. Davis, we hold that the maximum fee allowed Ross by section 925.036 for representation of defendant charged with two life felonies is $4,000. We also hold that this section is mandatory and not directory and that the trial court erred in construing it by adding the language which would permit the trial court to award fees higher than those specified by statute where the court determined exceptional circumstances to exist. This construction, the trial court found, was necessary to the constitutionality of the statute. We disagree with the trial court's construction of this statute and with its determination that this construction is necessary to save the constitutionality of section 925.036.
A legislative enactment is presumed valid and will not be declared unconstitutional unless it is demonstrated beyond *414 a reasonable doubt that the statute conflicts with some designated provision of the constitution. Whenever reasonably possible and consistent with the protection of constitutional rights, courts will construe statutes in such a manner as to avoid conflict with the constitution. But the court, in construing a statute, may not invade the province of the legislature and add words which change the plain meaning of the statute. State v. Elder, 382 So.2d 687 (Fla. 1980). Furthermore, courts may not vary the intent of the legislature with respect to the meaning of the statute in order to render the statute constitutional. State v. Keaton, 371 So.2d 86 (Fla. 1979). In the present case, we find that the construction given section 925.036 by the trial court which effectually amends the statute to make it directory rather than mandatory was unnecessary and unwarranted. The statute, plainly read as a mandatory limitation on the maximum fees allowable and construed by us in Wakulla County v. Davis to permit stacking, does not conflict with any specific constitutional provision.
Neither the due process nor equal protection clauses are implicated by section 925.036. In MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973), we upheld the constitutional validity of section 925.035 which established a maximum of $750 as reasonable compensation to counsel appointed to represent an indigent in a criminal case. This statute was challenged on the basis that it contravened the equal protection and due process clauses of the Constitutions of the United States and of the State of Florida. Initially, we reiterated that the right to recover attorney's fees as a part of the costs in an action did not exist at common law and that it therefore was provided for by the legislature's enactment of section 925.035. We then held:
And, while appellant argues that Section 925.035 fails to comport with the Due Process and Equal Protection Clauses of the Constitutions of the United States and of the State of Florida, as applied to the provision by defense counsel of extraordinary services, we are of the opinion that: 1) Section 925.035 does, both on its face and as applied, comport with the foregoing constitutional provisions; and, 2) if a change in the foregoing statutorily-provided compensation be called for, it is within the province of the Legislature, not the courts, to make such change. [Footnote omitted.]
288 So.2d at 201.
We further hold that Ross has failed to demonstrate that an indigent defendant's right to counsel has been impinged upon in any way by this statute. Indigent defendants are not denied counsel by section 925.036. At common law, it was the professional obligation of the lawyer to accept an assignment to represent an indigent party when directed to do so by the court, but there was no right to compensation from the government or any other source for representation of the poor. In the Interest of D.B., 385 So.2d 83 (Fla. 1980). Since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which established a fundamental constitutional right to counsel in various classes of cases, questions have arisen as to whether lawyers should be relieved of their historical duty to represent the poor. Questions have even arisen as to whether requiring a member of the Bar to represent an indigent with no compensation or minimum compensation amounts to a taking of property without due process of law. We have held that lawyers should not be completely relieved of their responsibility to represent the poor although we have recognized the concomitant obligation of the government to provide legal representation when such is constitutionally required, and we have held that requiring a lawyer to perform his historical professional responsibility to represent the poor does not constitute an unfair "taking" of private property in violation of due process. In the Interest of D.B.
Unless it is demonstrated that the maximum amounts designated for representation in criminal cases by section 925.036 are so unreasonably insufficient as to make it impossible for the courts to appoint competent counsel to represent indigent defendants, we cannot say that section 925.036 *415 violates the sixth amendment right to counsel. In the present case, the defendant represented by Ross was not denied his sixth amendment right to representation by section 925.036, nor is it contended that he was denied such right.
Accordingly, we hold that the maximum fee schedule in section 925.036 is mandatory, and we uphold the constitutionality of this statute. We further hold that the appropriate fee permitted by section 925.036 in the present case for representing defendant for two life felonies is $4,000. Therefore, we vacate the trial court's order awarding more than this statutory maximum and remand with directions to the trial court to enter an order compensating Ross in the amount of $4,000.
It is so ordered.
ENGLAND and McDONALD, JJ., concur.
SUNDBERG, C.J., concurs specially with an opinion with which ENGLAND, J., concurs.
BOYD, J., concurs in part and dissents in part with an opinion with which ADKINS, J., concurs.
OVERTON, J., dissents with an opinion in which ADKINS, J., concurs.
SUNDBERG, Chief Justice, concurring specially.
While I concur in the holding of the Court that section 925.036, Florida Statutes (Supp. 1978), is facially constitutional insofar as the assaults made upon it in this case, I deem the crux of this matter to lie in the sixth amendment right to counsel. As I read Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it placed the obligation upon the state to supply reasonably effective counsel to indigent defendants in certain classes of criminal cases. Of course, this constitutionally guaranteed right to counsel has been expanded since Gideon to other classes of actions. See, e.g., Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The point is, however, that the state has a constitutionally imposed responsibility, apart from the professional obligation of members of the bar, to provide legal counsel for indigent criminal defendants. It was in recognition and fulfillment of this responsibility that Florida was one of the first states to put in place a state funded, effective public defender system.
I realize that it is the statutory financial responsibility of a county which is in issue here due to the apparent disability of the public defender's office. But that is of no constitutional moment. Under the dictates of Gideon it is the ultimate responsibility of the state to fund the guarantee of the sixth amendment where indigents are concerned.
To my point then. I concede the authority of the legislature, in its role of protector of the public treasury, to establish reasonable limitations upon the amounts paid to lawyers from public coffers for their appointive representation of indigent criminal defendants. This authority is subject, however, in my opinion, to the special responsibility of the courts to assure that indigent criminal defendants receive effective assistance of counsel. Ineffective counsel is no counsel at all and such representation of the poor would make the promise of the sixth amendment a hollow one indeed.
Hence, should it be demonstrated that the monetary limitation placed by the legislature on the compensation paid to court appointed attorneys representing indigent criminal defendants be so unreasonable as to make it impossible to secure effective counsel to those individuals, then there is no doubt in my mind that it would be the duty of the courts to strike down such limitations in favor of reasonable compensation. In assessing the reasonableness of the compensation for representation of indigents, naturally the lawyer's professional obligation to aid the poor would have to be taken into account. The test would not be lavish compensation nor that which would be expected from a pecunious client, rather it would be that amount which is fair in light of the lawyer's professional obligation to the poor and not confiscatory of his time and talents. Furthermore, such a showing would have to *416 relate to lawyers or types of cases as a class and should not be entertained on an individual lawyer or individual case basis as was done by the trial court in the instant case.
There being no such showing in this case I concur with the decision reached by the Court today respecting the facial validity of section 925.036.
ENGLAND, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
I agree with the majority's application of the "stacking" principle announced in Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981), to this case but dissent from that portion of the decision that holds that a trial court has no power to award a fee in excess of the statutory maximum in extraordinary circumstances.
The circuit court appointed Alan S. Ross to represent David Wayne Bridges, who was charged with two life felonies. After the trial, attorney Ross moved for payment of attorney's fees in the amount of $4840.00. The judge granted the requested amount, and in the course of doing so, held that section 925.036, Florida Statutes (Supp. 1978), is constitutional as he construed it.
Section 925.036 provides:
An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:
(1) For misdemeanors and juveniles represented at the trial level: $500.
(2) For noncapital, nonlife felonies represented at the trial level: $1,500.
(3) For life felonies represented at the trial level: $2,000.
(4) For capital cases represented at the trial level: $2,500.
(5) For representation on appeal: $1,000.
The trial court ruled that the statutory directive that compensation "shall not exceed the following per case per defendant" must include the qualification, "subject to extraordinary and unusual circumstances." The trial court's construction was predicated on conflict between section 925.036, as written, and section 925.035(1), Florida Statutes (1977), which provides:
(1) If the court determines that the defendant in a capital case is insolvent and desires counsel, it shall appoint an attorney to represent the defendant. If the court appoints an attorney other than the public defender, the attorney shall be allowed reasonable compensation for representing the defendant, as determined by the court. In addition to such compensation, a reasonable amount shall be allowed for the cost of investigation and preparation of the case.
I agree with the trial court that the statutory maximum amounts for court-appointed attorneys' fees must be construed in pari materia with the legislative principle, announced in section 924.035(1), Florida Statutes (1977), calling for "reasonable compensation" for court-appointed attorneys in capital cases.
The statutes providing for compensation for attorneys appointed to represent indigents were enacted to effectuate the rights of persons to effective assistance of counsel under the Sixth Amendment and the Fourteenth Amendment due process clause, of the United States Constitution.
The courts, in their turn, are charged with the responsibility of protecting the right of the accused to a fair trial and the effective assistance of counsel. In the extremely rare, exceptional case where the statutory maximum amount is insufficient compensation for the lawyer to assure a fair trial, with effective assistance of counsel, to the accused, then the court has the power to order compensation in excess of the prescribed amounts. See Rose v. Palm *417 Beach County, 361 So.2d 135 (Fla. 1978). I therefore would hold that a trial court may order compensation in excess of the statutory maximum in extraordinary circumstances.
The defendant in this case was charged with two life felonies. Both the trial court judge and the defense attorney, in their discussion of the issue, assumed that section 925.036(3) provided a $2,000 maximum, regardless of the number of life felonies charged. We have determined the legislative intent to be that the statutory maximum amounts apply to each count when more than one crime are being tried together. Wakulla County v. Davis. Therefore the statutory maximum under ordinary circumstances in this case is $4,000, $2,000 for each life felony tried. Since the record does not disclose whether there were any extraordinary circumstances that would justify a fee in excess of $4,000, I would remand this case with directions to enter an order either compensating attorney Ross in the amount of $4,000, or awarding a larger amount upon determining that extraordinary circumstances existed that would justify such an award.
ADKINS, J., concurs.
OVERTON, Justice, dissenting.
I dissent. Although I agree that the statutory limitation is proper in most criminal cases, I have concluded that the sixth amendment right to reasonably effective counsel clearly applies in those cases which have multiple issues and large numbers of witnesses. This is especially true when a case requires an exceedingly large amount of an attorney's time for adequate representation. I would consequently find the statute directory and not mandatory.
ADKINS, J., concurs.
NOTES
[1] Section 925.036, Florida Statutes (Supp. 1978), provides:

An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:
(1) For misdemeanors and juveniles represented at the trial level: $500.
(2) For noncapital, nonlife felonies represented at the trial level: $1,500.
(3) For life felonies represented at the trial level: $2,000.
(4) For capital cases represented at the trial level: $2,500.
(5) For representation on appeal: $1,000. (Emphasis added.)
[2] Section 925.035(1), Florida Statutes (1977), provides in pertinent part:

If the court determines that the defendant in a capital case is insolvent and desires counsel, it shall appoint an attorney to represent the defendant. If the court appoints an attorney other than the public defender, the attorney shall be allowed reasonable compensation for representing the defendant, as determined by the court... .
[3] Although not pertinent to the disposition of this cause, we note that the legislature, in its 1981 session, amended section 925.036 substantially increasing the fee limits but disallowing stacking. Ch. 81-273, Laws of Florida (1981). Of course, we intimate no opinion with respect to the statute as amended in 1981.