410 So.2d 951 (1982)
MARION COUNTY, Florida, Appellant,
v.
Judith A. DeBOISBLANC and R. Scott Cross, Appellees.
No. 81-665.
District Court of Appeal of Florida, Fifth District.
February 17, 1982.
Rehearing Denied March 15, 1982.
*952 Preston T. Everett, Jr., and L. Michael Milbrath, County Attys., Ocala, for Marion County, and Marc B. Cohen of Wendel & Chritton, Chartered, Lakeland, for appellant.
Judith A. DeBoisblanc and R. Scott Cross of Matthies & Cross, P.A., Ocala, for appellees.
Howard B. Eisenberg, Washington, D.C., amicus curiae.
COBB, Judge.
John Charles Ebbecke, along with a co-defendant, was charged by indictment with first-degree murder. Although Ebbecke originally was represented by the public defender's office, the public defender was allowed to withdraw and the appellee, Judith deBoisblanc, was appointed to represent him. Ms. deBoisblanc subsequently moved the trial court to permit appellee, R. Scott Cross, to appear as co-counsel in this representation. At trial, the defendant was found guilty of second-degree murder and was subsequently adjudicated guilty and sentenced.
The appellees then filed a verified petition for attorney's fees attaching documentation of the work and time expended in the case and affidavits of two local attorneys containing each attorney's professional opinion as to what a reasonable fee in this particular case would be. The appellant, Marion County, was noticed for a hearing on the petition. At the hearing, the county conceded the reasonableness of this time spent but objected to the court paying more than one attorney or paying a fee above the statutory maximum.
After the hearing, the trial court entered an order holding section 925.036, Florida Statutes (1979), unconstitutional in that it constituted an unlawful usurpation by the legislature of a constitutional power vested solely in the judiciary. The order went on to award a single sum of $15,000 as attorney's fees to both attorneys. Marion County appeals this order.
The issue in this case is whether or not the trial court has an inherent power to award an attorney fee irrespective of any attempted limitation by the state legislature. Section 925.036, Florida Statutes, became effective October 1, 1978. The Florida Supreme Court previously has upheld the constitutionality of a statutory fee limit, which was the predecessor of the 1978 enactment. MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973). Recently, the Florida Supreme Court again has upheld the constitutionality of the fee limitation statute against an attack that it violates the equal protection and due process clauses of the Constitutions of the United States and of the State of Florida. Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981). This court, applying the MacKenzie precedent, has upheld the constitutionality of the specific statutory limitation challenged by this appeal. County of Seminole v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980).
In Waddell the trial court had not directly passed upon the validity of the statutory limitation, but had held it to be directory rather than mandatory. We reversed on authority of MacKenzie and the clear wording of the statute. See also Pinellas County v. Maas, 400 So.2d 1028 (Fla. 2d DCA 1981); Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980). In the instant situation, the trial court, despite the precedents of MacKenzie and Waddell, purported to invalidate section 925.036 on the ground that it was "a mandatory usurpation by the legislature of constitutional power vested solely in the judiciary under Article V, Section 1 of the Florida Constitution (1968), which power is removed from the legislature by Article II, Section 3, Florida Constitution *953 (1968)... ." This holding by the trial court is in direct conflict with Bridges and MacKenzie and, therefore, must be reversed.
We also note that it has long been the established law in this country that there is an obligation on the part of the legal profession to represent indigents upon court order without any compensation. See Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).[1] In that opinion the United States Supreme Court stated at page 73, 53 S.Ct. 65:
Attorneys are officers of the court, and are bound to render services when required by such an appointment.
Accordingly, we vacate the trial court's order awarding an attorney's fee in excess of the statutory limit of $2,500.00.
VACATED.
ORFINGER, J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
I concur with the majority because there was no showing made in this case that the defendant's right to counsel[1] was abridged in any way by the statute limiting compensation to his attorneys to an amount below a "reasonable" fee. The attack on the statute in this case was similar to that in Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981): the instant case was complex and the criminal charges were serious. Unlike Bridges, a further showing was made in this case that the statutory fee of two thousand five hundred dollars ($2,500) was far below a "reasonable" fee for handling this case  fifteen thousand dollars ($15,000).
However, this kind of showing is not sufficient under the test suggested by a majority of the Florida Supreme Court justices in Bridges. They recognized the statute would be subject to attack on constitutional grounds if a showing were made that it was "impossible" to secure effective counsel for *954 an indigent defendant because of the fee limit. The majority opinion concludes such a showing is impossible because of the court's inherent power to require attorneys to represent indigents. I recognize the difficulties of making such a showing, but I conclude we should recognize its theoretical existence, and leave for another case the problems of its proof. Perhaps by then we will have more guidance from our Supreme Court as to its dictum in Bridges.
NOTES
[1] This history of this obligation was comprehensively outlined by the United States Court of Appeals, Ninth Circuit, in its opinion in United States v. Dillon, 346 F.2d 633 (1965):

In England, the obligation of the lawyer to serve upon court assignment apparently developed as a matter of common law. It was not until 1695 that there was a limited statutory recognition of this obligation: a statute was passed requiring the courts to appoint counsel upon the request of a person accused of treason. 7 and 8 W.3, c.3, s.1 (1695).
However, in Colonial America, there was, in addition to the common law, a more extensive statutory recognition of the obligation of counsel to represent indigents upon court order... .
Thus the obligation of counsel to serve indigents is an ancient and established tradition of the legal profession. Any yet appointed counsel have generally been compensated, if at all, only by statutory fees which would be inadequate under just compensation principles and which are usually payable only in limited types of cases.
In view of the foregoing it is not surprising that the vast majority of courts, which have been passed on the question, have denied claims of appointed counsel for nonstatutory just compensation, pointing out that representation of indigents under court order without a fee is a traditional obligation of the bar and therefore a condition under which lawyers are licensed to practice as officers of the court. [Citations omitted.]
... .
Clearly, the lawyer's traditional obligation to represent indigents upon court order has not included any common-law right to compensation. And the statutory compensation which exists in some states usually contains limitations which in most cases would prevent a lawyer from receiving what his time is worth when working for private clients  limitations which would clearly be invalid if constitutional standards of just compensation were applicable... .
A Fifth Amendment "taking" does not occur when the state simply requires an individual to fulfill a commitment he has made. Kunhardt & Co. v. United States, 266 U.S. 537, 45 S.Ct. 158, 69 L.Ed. 428. An applicant for admission to the bar may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court, obligated to represent indigents for little or no compensation upon court order. Thus the lawyer has consented to and assumed this obligation, and when he is called upon to fulfill it he cannot contend that there is a taking.
Id. at 636-38.
[1] U.S.Const. amend. VI.