420 So.2d 401 (1982)
BROWARD COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Zebedee WRIGHT, Esquire, Respondent.
No. 82-955.
District Court of Appeal of Florida, Fourth District.
October 13, 1982.
Harry A. Stewart, Gen. Counsel for Broward County, and John Franklin Wade, Asst. Gen. Counsel, Fort Lauderdale, for petitioner.
Zebedee W. Wright, Fort Lauderdale, pro se.
ANSTEAD, Judge.
By order of the trial court, respondent Zebedee W. Wright was appointed special public defender to represent George Franklin *402 against a charge of first degree murder. Following trial, respondent submitted a petition for compensation, and filed an affidavit in support thereof requesting a fee of $20,000. The trial court, without an evidentiary hearing, entered an order that $10,000 in fees be awarded to respondent by petitioner Broward County. Because this amount exceeded the $3,500 fee authorized for defense of capital cases by Section 925.036(2)(d), Florida Statutes, petitioner has filed a petition for writ of certiorari seeking to have the order quashed. The parties agree that the order at issue is reviewable in this fashion. Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA 1971), cert. denied 253 So.2d 864 (Fla. 1971), cert. denied 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972).
In Metropolitan Dade County v. Bridges, 402 So.2d 411, at 412 (Fla. 1981), our Supreme Court adhered to the dictates of several earlier cases and explicitly held that Section 925.036 was constitutional, that its language was mandatory and that a trial court could not award attorneys' fees in excess of the statutory limits.[1]
Accordingly, we quash the order and direct the trial court to enter a fee award consistent with the Supreme Court's holding in Bridges.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially:
The only reason I concur specially is because of the following sentence in the note to the majority's opinion in this case, which refers to the plurality opinion in Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981):
The court thus hinted at the possibility that, in the demonstrably extreme case, an award of attorneys' fees in excess of the statutory maximum might be mandated.
I am not convinced that the plurality expressed the foregoing when it said:
Unless it is demonstrated that the maximum amounts designated for representation in criminal cases by section 925.036 are so unreasonably insufficient as to make it impossible for the courts to appoint competent counsel to represent indigent defendants, we cannot say that section 925.036 violates the sixth amendment right to counsel. In the present case, the defendant represented by Ross was not denied his sixth amendment right to representation by section 925.036, nor is it contended that he was denied such right.
Id. at 414-15. Were I convinced, my following remarks would be inappropriate.
As I hopefully view the plurality opinion, it is less explicit but consistent with the *403 specially concurring opinion of Justice Sundberg (with which Justice England concurred) who said with respect to any future constitutional attack to be mounted against the subject statute:
such a showing would have to relate to lawyers or types of cases as a class and should not be entertained on an individual lawyer or individual case basis as was done by the trial court in the instant case.
Id. at 415-16. The method suggested by Justice Sundberg not only would seem appropriate to the holding in Bridges that the statute is mandatory, not discretionary, but also consistent with a legislative approach that has resulted in amendments to the statute in question wherein the maximum fees have been recently increased. I have great confidence that the attorneys in Florida are mindful of the oath they took as admittees, which provides in part:
I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed
and that any attempted showing would arise out of the impossibility of securing effective counsel.
NOTES
[1] The court did leave the door open slightly for a possible future constitutional attack upon the statute:

Unless it is demonstrated that the maximum amounts designated for representation in criminal cases by section 925.036 are so unreasonably insufficient as to make it impossible for the courts to appoint competent counsel to represent indigent defendants, we cannot say that section 925.036 violates the sixth amendment right to counsel.
Id. at 414-15. Several members of the court also expressed the view that under certain circumstances the statutory limit should not apply. The court thus hinted at the possibility that, in the demonstrably extreme case, an award of attorneys' fees in excess of the statutory maximum might be mandated. Such has been held to be the case with statutorily authorized witness fees. Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978). This case of course involves attorneys' fees rather than witness fees. In any case, the trial court here made no finding that its award of attorneys' fees in excess of the statutory maximum was mandated by demonstrably extreme circumstances and the respondent advanced no such contention in his petition for compensation.
The court indicated in Bridges that its decision was predicated, at least in part, upon a lawyer's professional responsibility to represent the poor even when little or no compensation is provided for his services. In short, an attorney who undertakes the representation of indigent criminal defendants in Florida should be on notice that he may not be compensated for his services to the extent that the value of such services exceeds the statutory limits. In effect, this overall scheme constitutes a form of pro bono publico service by the bar for the poor in criminal proceedings.