GLICKSTEIN, Judge.
Respondent was appointed in 1980 to represent an indigent defendant pursuant to section 925.035, Florida Statutes (1979). At issue is whether he was entitled to payment at the conclusion of his services in November, 1981, in accordance with the mandatory fee schedule enacted pursuant to section 925.036(4), Florida Statutes (1980), which was in effect at the time of his appointment, or with section 925.036(2)(d), Florida Statutes (1981), which was in effect at the time his services were concluded. The earlier statute provided for a fee of $2,500; the later — which the trial court applied — $3,500.
Our sister court in Meredith v. St. Johns County, 365 So.2d 740 (Fla. 1st DCA .1978), earlier decided a somewhat similar case; however, the facts there were quite compelling and the ultimate result undoubtedly surprising to the appellee county. The attorney was appointed to represent an indigent charged with a capital offense. At the time of appointment, the statutory maximum fee was $1,000, but before the conclusion of services, the statute was amended to provide a reasonable fee. The trial court awarded a fee of $3,500 based on more than 305 hours of the attorney’s time, including two trials in a complex case. The county contended it should only be responsible for the statutory maximum of $1,000. The appellate court reversed and remanded with direction to award a fee of $6,500, holding such sum to be the minimum fee that could *28 be justified as reasonable under the circumstances.
We believe there are logical reasons to support an award under the statute which existed when the services were completed. First, it is unquestioned that respondent has performed over 100 hours of service to his indigent client; so the effect of our decision is whether he will receive $35 or $25 per hour. As Justice Sundberg pointed out in his concurring opinion in Metropolitan Dade County v. Bridges, 402 So.2d 411, 415 (Fla.1981):
I deem the crux of this matter to lie in the sixth amendment right to counsel. As I read Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it placed the obligation upon the state to supply reasonably effective counsel to indigent defendants in certain classes of criminal cases. Of course, this constitutionally guaranteed right to counsel has been expanded since Gideon to other classes of actions. See, e.g., Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The point is, however, that the state has a constitutionally imposed responsibility, apart from the professional obligation of members of the bar, to provide legal counsel for indigent criminal defendants. It was in recognition and fulfillment of this responsibility that Florida was one of the first states to put in place a state funded, effective public defender system.
I realize that it is the statutory financial responsibility of a county which is in issue here due to the apparent disability of the public defender’s office. But that is of no constitutional moment. Under the dictates of Gideon it is the ultimate responsibility of the state to fund the guarantee of the sixth amendment where indigents are concerned.
To my point then. I concede the authority of the legislature, in its role of protector of the public treasury, to establish reasonable limitations upon the amounts paid to lawyers from public coffers for their appointive representation of indigent criminal defendants. This authority is subject, however, in my opinion, to the special responsibility of the courts to assure that indigent criminal defendants receive effective assistance of counsel. Ineffective counsel is no counsel at all and such representation of the poor would make the promise of the sixth amendment a hollow one indeed.
Hence, should it be demonstrated that the monetary limitation placed by the legislature on the compensation paid to court appointed attorneys representing indigent criminal defendants be so unreasonable as to make it impossible to secure effective counsel to those individuals, then there is no doubt in my mind that it would be the duty of the courts to strike down such limitations in favor of reasonable compensation. In assessing the reasonableness of the compensation for representation of indigents, naturally the lawyer’s professional obligation to aid the poor would have to be taken into account. The test would not be lavish compensation nor that which would be expected from a pecunious client, rather it would be that amount which is fair in light of the lawyer’s professional obligation to the poor and not confiscatory of his time and talents.
Second, the applicable statute, before and after its amendment, provides that counsel be “compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit.” We construe that language to mean the prevailing rate at the time the services were completed — not at the time of appointment. If part of the statute is so construed, the remainder should be. Respondent’s rent and salaries in 1981 are payable as things are, not as they were.
Third, we see a substantial difference between this type of case and one in which an attorney has negotiated and entered into what he perceives to be a reasonable fee contract with his client and subsequently during performance, seeks to renegotiate it. The court-appointed attorney accepts the responsibility, believing the fee may be substantially less than reasonable, because pub- *29 lie policy compels it. The figure is not carved in stone, however, so that the same public policy can easily compel an increase before completion of performance.
Fourth, the application of the 1981 amendment appears consistent with the general practice of setting fees at the conclusion of performance as well as determining, by the use of expert opinions, what would be a reasonable fee at the time the fee is set — not years before. In a dissolution case extending over five years, is the expert to testify what would have been reasonable or what he would have charged in each of the five years of the proceeding? We think not.
Based on the foregoing, we deny the petition.
BERANEK, J., concurs.
ANSTEAD, J., concurs specially with opinion.