PER CURIAM.
This is a petition for a writ of certiorari seeking review of a trial court order directing Metropolitan Dade County to compensate a court-appointed counsel in a criminal case. We have jurisdiction to entertain this petition. Art. V, § 4(b)(3), Fla. Const.; Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980); Dade County v. Grossman, 354 So.2d 131 (Fla. 3d DCA 1978); Dade County v. McCrary, 260 So.2d 543 (Fla. 3d DCA 1972); Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA), cert. denied, 253 So.2d 864 (Fla.1971), cert. denied, 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972).
The facts relevant to this petition are undisputed. The trial court, in the order under review, awarded $25,000 in legal fees to an attorney, Marsha Lyons, for representing an indigent criminal defendant pursuant to a court appointment. The defendant, Robert Patton, had been charged with a capital crime and various other offenses in three separate charging documents filed before the trial court, to wit: an indictment, an information, and a probation violation affidavit. All agree that the maximum legal fee which the trial court was authorized to award counsel under Section 925.035, Florida Statutes (1981), was $8,500.
The trial court and the parties herein cite no legal authority, aside from the above statute, for awarding legal fees to counsel in this case. This is not surprising because there is no such authority, as plainly “[t]he right to recover attorneys’ fees as part of the costs in an action did not exist at common law....” Dade County v. Strauss, supra at 141. The fact that counsel may have devoted an extraordinary amount of time in representing the defendant in an extremely complex case cannot, as urged, change this result. The Florida Supreme Court has so held with unmistakable clarity in Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla.1981), as follows:
“We hold that section 925.036 is constitutional, that its language is mandatory *488 and not directory, that, therefore, the trial court may not award in excess of the statutory limits....”
Id. at 412.
“We also hold that this section is mandatory and not directory and that the trial court erred in construing it by adding the language which would permit the trial court to award fees higher than those specified by statute where the court determined exceptional circumstances to exist.”
Id. at 413.
It therefore follows that the order under review cannot stand as it constitutes a departure from essential requirements of law. Mackenzie v. Hillsborough County, 288 So.2d 200 (Fla.1973).
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to award Marsha Lyons no more than $8,500 in legal fees herein.