COWART, Judge.
This case involves the compensation of an appointed defense counsel under sections 925.035 and 925.036, Florida Statutes.
Attorney Burton J. Green, appellant, was appointed by the circuit court judge to represent an indigent defendant charged with felony first degree murder, a capital offense, and other criminal charges. The attorney represented the defendant through a complete jury trial. However, because the jury could not reach a unanimous verdict, the trial court declared a mistrial. Upon motion the trial court, pursuant to section 925.036(2)(d), Florida Statutes, awarded the defense counsel compensation of $3,500 for approximately 233 hours expended in connection with that trial. After the mistrial, the appointed defense counsel continued to represent the defendant, and, after the expenditure of an additional 50 hours of time, a plea bargain concluded the case. Upon motion the trial court awarded defense counsel $2,510 further compensation for the additional 50 hours but, after a hearing on a motion to vacate filed by Brevard County, Florida, appellee, the trial court vacated the second award because section 925.036(2)(d) provides that compensation of appointed counsel shall not exceed $3,500 for representation in a capital case at the trial level. The appointed defense counsel appeals. We reverse.
We are aware that the statutes in question have been held constitutional[1] and that attorneys have a special duty to represent indigent defendants. Marion County v. DeBoisblanc, 410 So.2d 951 (Fla. 5th DCA 1982), pet. denied, 419 So.2d 1196 (Fla.1982). We have considered the statutes and certain prior cases[2] and find that to construe these statutes to absolutely limit the compensation of appointed defense counsel to $3,500, no matter how many trials are held on the same charges, would lead to an unreasonable result and would raise a serious question concerning the constitutionality of the statute as applied in a case involving multiple trials and, further, such an interpretation is unnecessary under the language of the statutes.
Section 925.035(3) provides that “if there is a second trial of the same case, the appointed attorney shall be compensated as provided for in s. 925.036.” Second trials occur not only after reversals on appeal but after mistrials in the trial court as well. When the same case is retried in the trial court after a mistrial, there is a completely new trial and the witnesses, the jurors, the prosecuting attorney, and the trial judge are paid for the second or successive trial. There is no proper reason why appointed defense counsel should not also be paid for his time and advice and representation of the indigent in any second or successive trial if not caused by any misconduct on his part.
Accordingly, we hold that when a mistrial is not caused by misconduct of the defense counsel appointed and representing an indigent defendant after a mistrial, the limitations of section 925.036(2), Florida Statutes, relate to each such separate trial and appointed counsel is entitled to compensation under section 925.035(3), Florida Statutes, in an amount not to exceed the *711 limitation in section 925.036(2), Florida Statutes, as to a second or successive trial of the same case.
In this case the attorney’s services after the mistrial did not relate to the first trial but were directed toward preparation for, or negotiations to avoid, the second trial.
Accordingly, the order granting Brevard County’s motion to vacate the compensation award is reversed and the order awarding compensation and reimbursement of costs dated December 27, 1984, is reinstated.
REVERSED and REMANDED.
COBB, C.J., and UPCHURCH, J., concur.

. Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla.1981); Mackenzie v. Hillsborough County, 288 So.2d 200 (Fla.1973); Marion County v. DeBoisblanc, 410 So.2d 951 (Fla. 5th DCA 1982), pet. denied, 419 So.2d 1196 (Fla.1982).

. See County of Seminole v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980); Soven v. Palm Beach County, 422 So.2d 91 (Fla. 4th DCA 1982).