ON PETITION FOR WRIT OF PROHIBITION OR WRIT OF CERTIORARI
PER CURIAM.
Petitioner seeks to prohibit the state from proceeding on Duval County charges alleging crimes in connection with his involvement with G.I.C. Investment Corporation, and other related companies (hereafter collectively referred to as G.I.C.). The basis for the petition is a plea agreement entered into between petitioner and the state on criminal charges brought in Hills-borough County. The agreement purported to preclude any further prosecution of petitioner for crimes arising out of his involvement with G.I.C. For reasons discussed below, we grant the petition for certiorari and reverse the order of the Du-val County Circuit Court denying petitioner’s motion to dismiss.
Pursuant to the plea agreement, petitioner plead guilty to one count of organized fraud in violation of section 817.036 Fla. Stat., and two counts of sale of unregistered securities in violation of sections 517.-301, Fla.Stat., and 517.07, Fla.Stat. Petitioner also agreed to cooperate in any future investigation of G.I.C activities including waiving certain privileges and rights he would otherwise posses. In exchange, the *10 agreement provided that neither the State of Florida nor the Federal Government would prosecute petitioner for any other alleged offenses arising from or pertaining to G.I.C.
Petitioner fully performed his part of the bargain and cooperated with further investigations. In spite of petitioner’s adherence to the terms of the agreement, theft charges were subsequently brought in Du-val County based on activity pertaining to petitioner’s involvement with G.I.C.
Petitioner filed a motion to dismiss the Duval County charges on the ground that they were barred by the plea bargain. While the motion to dismiss was pending, petitioner filed a motion for specific performance of the plea bargain in Hillsbor-ough County. A hearing was held before Judge Coe, the presiding judge in petitioner’s Hillsborough County case.[1] At that hearing, the state attorney for Hillsbor-ough County argued that she did not have the authority to bind another state attorney, and the appropriate remedy for petitioner would be to withdraw his plea in Hillsborough County. Judge Coe disagreed and entered a written order finding that petitioner had relied on the plea agreement to his detriment, and had fulfilled his end of the bargain. Therefore, Judge Coe found that the State of Florida was bound by the plea agreement and that petitioner was entitled to specific performance.
Although Judge Coe’s written order was presented to the presiding judge in Duval County, Judge Oliff, petitioner’s motion to dismiss was denied without comment.
We find that the issue of the applicability of the plea agreement to the Duval County charges was fully litigated in the proceedings on the motion for specific performance. The resulting decree was entered by a court of competent jurisdiction, and therefore, further litigation of the same issue between the same parties is barred by the doctrine of res judicata. State has argued that because the Duval County state attorney was not present at the hearing on the motion for specific performance, there was no identity of parties, and therefore, the doctrine of res judicata is inapplicable. However, the parties in a criminal action are the defendant, and the State of Florida. The state attorney is not the party. See § 27.02 Fla.Stat.; Dade County v. Strauss, 246 So.2d 137 (Fla. 3rd DCA 1971). Prosecutors bring charges on behalf of the state, not on behalf of the county or circuit in which they have been elected. The very term “state attorney” is self descriptive; i.e., the attorney for the state. As in any other proceeding, the attorney speaks for the party, but is not a party to the case. Thus, the parties in the proceedings on petitioner’s motion for specific performance were identical to the parties in the proceeding on the motion to dismiss. The issue has been decided, and the state cannot avoid the decree entered by one court based on the fact that it is represented by a different attorney, at a subsequent proceeding, involving the same issue, in another court.
Accordingly, the petition for writ of cer-tiorari is granted. The order of the circuit court for Duval County denying petitioner’s motion to dismiss is reversed, and this cause is remanded for further proceedings consistent with this opinion.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. Sentencing on the charges to which petitioner plead guilty has been deferred until other pending charges, including the Duval County charges, are disposed of. Thus, the Hillsbor-ough county judgment is not yet final. Fla.R. App.P. 9.140(b)(2).